UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG STIK MANUFACTURING, INC.,

    Plaintiff,

v.

PITBULL TOOLS AND SUPPLIES LLC,
RICARDO CUYAR, ORLANDO AYALA, and
R & K TOOLS AND SUPPLIES, LLC

    Defendants,

Case No:  8:17-cv-2486-CEH-MAP

PITBULL TOOLS AND SUPPLIES, LLC and
RICARDO CUYAR

    Counter-Plaintiffs,

v.

BIG STIK MANUFACTURING, INC. and
ROBERT G. LOFLEY, JR.

    Counter-Defendants.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT**

Defendants, Pitbull Tools and Supplies LLC ("Pitbull"), Ricardo Cuyar ("Cuyar"), Orlando Ayala ("Ayala"), and R&K Tools and Supplies, LLC ("R&K") (collectively, "Defendants"), by and through undersigned counsel, answer the Second Amended Complaint filed by Plaintiff, Big Stik Manufacturing, Inc. ("Plaintiff" or "Big Stik"), as follows:

    1.    Admitted that the action arises under the patent laws of the United States, codified at 35 U.S.C. § 101 et seq. Denied that Defendants infringed Plaintiff's Patent No. 8,434,802 (the "'802 Patent").

2. Without knowledge; therefore, denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted for jurisdictional purposes only; otherwise, denied.

8. Admitted for jurisdictional purposes only; otherwise, denied.

9. Admitted for venue purposes only; otherwise, denied.

10. Without knowledge; therefore, denied.

11. Admitted that the '802 Patent was issued by the USPTO on May 7, 2013; otherwise, denied.

12. Admitted.

13. Admitted that Pitbull manufactures, advertises for sale, and sells devices it refers to as a "brake stick tool" in the United States under the names "Brake Stick" and "Safety Stick," along with accessories; otherwise, denied.

14. Admitted that Cuyar is a manager of Pitbull; otherwise, denied.

15. Admitted that Ayala is a manager of Pitbull; otherwise, denied.

16. Admitted that Pitbull advertises its Brake Stick can be used to "tie handbrakes off on rail cars" and "open up knuckles" on rail cars; otherwise, denied.

17. Denied.

18. Denied. Defendants further deny Footnote 1.

19. Admitted that Pitbull advertises, offers to sell, and sells a Mooring Line Retrieval / Shipyard Safety Tool; otherwise, denied.

20. Denied.

21. Admitted that Pitbull has a promotional video that states that the Mooring Tool uses "one of our telescopic sticks;" otherwise, denied.

22. Denied that Cuyar is the "face," of Pitbull; otherwise, admitted.

23. Denied that Pitbull's Brake Stick is infringing; otherwise; without knowledge, therefore, denied.

24. Denied.

25. Admitted.

26. Admitted that Cuyar served as R & K's Managing Member from inception until is dissolution; otherwise, denied.

27. Admitted that R & K sold a brake stick tool in the United States under the name "SafStik," along with accessories; otherwise, denied.

28. Denied.

29. Denied. Defendants further deny Footnote 3.

30. Admitted that R & K marked a limited number of tools with "PAT;" otherwise, denied.

31. Denied.

32. Denied.

33. Without knowledge; therefore, denied.

## COUNT I

### *Direct Infringement of the '802 Patent against Pitbull, Cuyar and Alaya*

34. Defendants reallege and incorporate their answers to Paragraphs 1 through 33 above as if fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

## COUNT II

### *Direct Infringement of the '802 Patent against R & K and Cuyar*

38. Defendants reallege and incorporate their answers to Paragraphs 1 through 33 above as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

## COUNT III

### *False Marking against R & K and Cuyar*

42. Defendants reallege and incorporate their answers to Paragraphs 1 through 33 above as if fully set forth herein.

43. Denied.

44. This paragraph does not call for an admission of fact, but rather seeks a legal conclusion, and is therefore denied.

45. Denied.

46. Denied.

47. Without knowledge as to distributors and end users justifications for their purchasing decisions; therefore, denied. Otherwise, denied.

48. Denied.

49. Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, including an award of costs and attorneys' fees, and for such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Defense

As described in the Amended Counterclaim, Plaintiff is not entitled to any relief against Defendants because Defendants do not infringe and have not infringed, directly or indirectly, any valid claim of the '802 patent.

### Second Defense

As described in the Amended Counterclaim, Cuyar invented the Extension Tool claimed in the '802 patent and, as such, Defendants are not liable for infringement.

### Third Defense

As described in the Amended Counterclaim, Cuyar is a co-inventor of the Extension Tool claimed in the '802 patent and, as such, Defendants are not liable for infringement.

### Fourth Defense

As described in the Amended Counterclaim, the '802 Patent is invalid for failure to comply with 35 U.S.C. § 102 in that claimed invention was not novel.

### Fifth Defense

As described in the Amended Counterclaim, the '802 Patent is invalid for failure to comply with 35 U.S.C. § 103 in that claimed invention was obvious.

### Sixth Defense

The '802 Patent is invalid and/or unenforceable for failure to identify Cuyar as an inventor or co-inventor of the Extension Tool.

**Seventh Defense**

Plaintiff lacks standing due to an ineffective or incomplete assignment. Plaintiff's purported assignment is not attached to the Second Amended Complaint. To the extent that the assignment does not identify Cuyar, it is ineffective. Moreover, Cuyar did not consent to the assignment of his interest in the '802 Patent. Further, to the extent the assignment does not identify or properly account for any interest held by the estate of Robert G. Lofley, Sr. or any heirs or devisees of Robert G. Lofley, Sr., it is ineffective. Further, to the extent the assignment does not include the assignor's rights to sue for false marking, then it is ineffective as to Count III.

**Eighth Defense**

Plaintiff had notice and actual knowledge of Cuyar's interest in the '802 Patent and, therefore, was not a bona fide purchaser or assignee.

**Ninth Defense**

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff or its principals, with knowledge of Cuyar's prior art, communicated to Cuyar, through silence or otherwise, that Plaintiff would not enforce its patent against Defendants and Defendants reasonably and detrimentally relied on that communication.

**Tenth Defense**

Plaintiff's claims are barred due to its inequitable conduct, including, but not limited to, the conduct described in the Amended Counterclaim, affirmative misrepresentations of material fact to the USPTO, and nondisclosure of material information to the USPTO.

### Eleventh Defense

Defendants have an implied license to make, use, offer, and sell the Tool based on Plaintiff's conduct described in the Amended Counterclaim.

### Twelfth Defense

Cuyar has no individual or personal liability because Pitbull, and formerly R&K, made all decisions and performed all conduct described in the Second Amended Complaint.

### Thirteenth Defense

Ayala has no individual or personal liability because Pitbull made all decisions and performed all conduct described in the Second Amended Complaint.

### Fourteenth Defense

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with is action.

### Fifteenth Defense

Plaintiff has failed to meet the requirements of 35 U.S.C. §§ 284 and 285 for enhanced damages and attorneys' fees.

### Sixteenth Defense

Plaintiff's claims for injunctive relief are barred in light of the availability of an adequate remedy at law.

### Seventeenth Defense

At least a portion of Plaintiff's claims are barred or limited by the statute of limitations as some of the alleged conduct and damages occurred and accrued outside the applicable statute of limitations.

**Eighteenth Affirmative Defense**

To the extent the R&K defendants used a "PAT" designation, it was not done in connection with advertising a product and was not done with intent to deceive the public.

**Nineteenth Affirmative Defense**

Plaintiff lacks standing to sue the R&K defendants for false marking because Plaintiff and the R&K defendants have never been direct competitors and Plaintiff did not exist when the alleged false marking occurred.

**COUNTERCLAIM**

Pitbull Tools and Supplies, LLC ("Pitbull") and Ricardo Cuyar ("Cuyar") previously filed an Amended Counterclaim on January 31, 2018 [Doc. 30] against Big Stik Manufacturing, Inc. ("Big Stik") and Robert G. Lofley, Jr. ("Lofley, Jr."), which Pitbull and Cuyar maintain and to which Big Stik and Lofley Jr. filed an Answer and Affirmative Defenses to Amended Counterclaim on February 14, 2018 [Doc. 33].

*/s/ Brad F. Barrios*
Kenneth G. Turkel – FBN 867233
Trial Counsel
kturkel@bajocuva.com
Brad F. Barrios – FBN 035293
bbarrios@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Phone:  (813) 443-2199
Fax:  (813) 443-2193

Ryan M. Corbett – FBN 036911
BURR & FORMAN LLP
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
Phone: (813) 221-2626
Facsimile: (813) 357-3599
rcorbett@burr.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 12, 2018, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                         */s/ Brad F. Barrios*
                                         Attorney