# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

72134        7590        03/13/2013
FRIJOUF , RUST & PYLE , P.A.
201 EAST DAVIS BOULEVARD
TAMPA, FL 33606

| EXAMINER |
|---|
| PUIG, GABRIELA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

DATE MAILED: 03/13/2013

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/589,856 | 10/29/2009 | Robert G. Lofley SR. | 2009-0208 | 4826 |

TITLE OF INVENTION: Extension tool

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $885 | $300 | $0 | $1185 | 06/13/2013 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.   THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT.  SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.   THIS
STATUTORY PERIOD CANNOT BE EXTENDED.   SEE 35 U.S.C. 151.  THE ISSUE FEE DUE INDICATED ABOVE DOES
NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.   IF AN ISSUE FEE HAS
PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM
WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW
DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current
SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown
above.

B. If the status above is to be removed, check box 5b on Part B -
Fee(s) Transmittal and pay the PUBLICATION FEE (if required)
and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now
claiming SMALL ENTITY status, check box 5a on Part B - Fee(s)
Transmittal and pay the PUBLICATION FEE (if required) and 1/2
the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office
(USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b"
of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a
request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing
the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

BIG STIK-000213

### PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail**    Mail Stop ISSUE FEE
                                                                                    **Commissioner for Patents**
                                                                                    **P.O. Box 1450**
                                                                                    **Alexandria, Virginia 22313-1450**
                                                                        **or Fax**   **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

72134        7590        03/13/2013
FRIJOUF , RUST & PYLE , P.A.
201 EAST DAVIS BOULEVARD
TAMPA, FL 33606

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/589,856 | 10/29/2009 | Robert G. Lofley SR. | 2009-0208 | 4826 |

TITLE OF INVENTION: Extension tool

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $885 | $300 | $0 | $1185 | 06/13/2013 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| PUIG, GABRIELA M | 3652 | 294-210000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                         (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

BIG STIK-000214

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/589,856 | 10/29/2009 | Robert G. Lofley SR. | 2009-0208 | 4826 |

72134          7590          03/13/2013
FRIJOUF , RUST & PYLE , P.A.
201 EAST DAVIS BOULEVARD
TAMPA, FL 33606

| EXAMINER |
|---|
| PUIG, GABRIELA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

DATE MAILED: 03/13/2013

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 275 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 275 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

BIG STIK-000215

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

BIG STIK-000216

| ***Notice of Allowability*** | Application No. | Applicant(s) |
|---|---|---|
| | 12/589,856 | LOFLEY ET AL. |
| | Examiner | Art Unit | |
| | GABRIELA PUIG | 3652 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _02/14/2013_.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are _16,18,19 and 25-38_. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia** such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _02/14/2013_

3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

5. ☒ Examiner's Amendment/Comment

6. ☒ Examiner's Statement of Reasons for Allowance

7. ☐ Other _____ .

/GABRIELA PUIG/
Examiner, Art Unit 3652

BIG STIK-000217

Application/Control Number: 12/589,856                                          Page 2
Art Unit: 3652

## DETAILED ACTION

1.      This action is in response to Amendments made on 02/14/2013, in which: claims
16, 25, 34 and 35 are amended, claims 18, 19, 30, 36 and 38 remain as filed originally,
claims 17 and 39 are cancelled and claims 1-15, 20-24, 26-29, 31-33 and 37 are
withdrawn.

## EXAMINER'S AMENDMENT

2.      An examiner's amendment to the record appears below. Should the changes
and/or additions be unacceptable to applicant, an amendment may be filed as provided
by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be
submitted no later than the payment of the issue fee.

        The application has been amended as follows:

        a.      Claims 1-15 and 20-24 have been canceled.

### *Election/Restrictions*

3.      Claims 16, 25 and 34 are allowable. The restriction requirement between
Species I (Figs. 1-15), Species II (Figs. 16-23 and 25-28) and Species III (Figs. 24-24A),
as set forth in the Office action mailed on 01/31/2012, has been reconsidered in view of
the allowability of claims to the elected invention pursuant to MPEP § 821.04(a). **The
restriction requirement is hereby withdrawn as to any claim that requires all the
limitations of an allowable claim.** Claims 26-29, 31-33 and 37, directed to an

Application/Control Number: 12/589,856                                      Page 3
Art Unit: 3652

extension tool including a first, second, third and fourth bushing or directed to an

extension tool including an anti-rotation insert no longer withdrawn from consideration

because the claim(s) requires all the limitations of an allowable claim. However, claims

1-15 and 20-24, directed to an extension tool including an anti-rotation insert or directed

to an extension tool including a pin fastener remain withdrawn from consideration

because they do not all require all the limitations of an allowable claim.

     In view of the above noted withdrawal of the restriction requirement, applicant is

advised that if any claim presented in a continuation or divisional application is

anticipated by, or includes all the limitations of, a claim that is allowable in the present

application, such claim may be subject to provisional statutory and/or nonstatutory

double patenting rejections over the claims of the instant application.

     Once a restriction requirement is withdrawn, the provisions of 35 U.S.C. 121 are

no longer applicable. See *In re Ziegler*, 443 F.2d 1211, 1215, 170 USPQ 129, 131-32

(CCPA 1971). See also MPEP § 804.01.

4.    This application is in condition for allowance except for the presence of claims 1-

15 and 20-24 directed to species non-elected without traverse.  Accordingly, claims 1-

15 and 20-24 have been cancelled.

### *Drawings*

5.    The drawings were received on 02/14/2013.  These drawings are acceptable.

BIG STIK-000219

Application/Control Number: 12/589,856                                           Page 4
Art Unit: 3652

### Allowable Subject Matter

6.      Claims 16, 18, 19 and 25-38 are allowed.

### Reasons for Allowance

7.      The following is an examiner's statement of reasons for allowance:

b.      Regarding claim 16, the prior art failed to teach or render obvious the
combination of all the limitations as claimed including; a first pin column and a
second pin column positioned on opposing sides of the pin lever; a bridge
member extending and coupled to said first pin column and said second pin
column; and said bridge member having a bridge bore for receiving said pin; all
within the context of the claim. The prior art teaches a few extension tools
comprising poles that are joined by a pin lever. However, none of the prior arts
either singularly or in combination teaches the claimed invention.

c.      Regarding claim 25, the prior art failed to teach or render obvious the
combination of all the limitations as claimed including; a first pin column and a
second pin column positioned on opposing sides of the second pin lever; a
bridge member extending and coupled to said first pin column and said second
pin column; and said bridge member having a bridge bore for receiving said
second pin; all within the context of the claim. The prior art teaches a few
extension tools comprising poles that are joined by a pin lever. However, none of
the prior arts either singularly or in combination teaches the claimed invention.

BIG STIK-000220

Application/Control Number: 12/589,856                                           Page 5
Art Unit: 3652

    d.     Regarding claim 34, the prior art failed to teach or render obvious the combination of all the limitations as claimed including; a first pin column and a second pin column positioned on opposing sides of the pin lever; a bridge member extending and coupled to said first pin column and said second pin column; and said bridge member having a bridge member having a bridge bore for receiving said pin; all within the context of the claim. The prior art teaches a few extension tools comprising poles that are joined by a pin lever. However, none of the prior arts either singularly or in combination teaches the claimed invention.

    Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### *Response to Arguments*

8.    Applicant's arguments, see Page 1, Ln. 19-23, filed 02/14/2013, with respect to the drawings have been fully considered and are persuasive.  The objection of the drawings has been withdrawn.

### *Conclusion*

    Any inquiry concerning this communication or earlier communications from the examiner should be directed to GABRIELA PUIG whose telephone number is (571)270-

Application/Control Number: 12/589,856                                    Page 6
Art Unit: 3652

5880.  The examiner can normally be reached on Monday thru Thursday 7:00 to 4:30

and every other Friday.

     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, SAUL RODRIGUEZ can be reached on (571)272-7097.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/GABRIELA  PUIG/                                  /Saul J. Rodriguez/
Examiner, Art Unit 3652                           Supervisory Patent Examiner, Art
                                                  Unit 3652

BIG STIK-000222

# IN THE UNITED STATES PATENT OFFICE

IN RE APPLICATION:

_____

Title:   EXTENSION TOOL

Applicant(s):   Robert G. Lofley, Sr., et al.

Application No.:   12/589,856          Art Unit:   3652

Filing Date:   October 29, 2009          Examiner:   Puig, Gabriela M.

Attorney File No.   2009-0208          Customer No   72134

........................................................................................................................

## AMENDMENT B

Commissioner for Patents
PO Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

This paper is in response to the first Office Action issued by the United States Patent

Office.  This response includes the following:

| | |
|---|---|
| _X_ | Citation of Prior Art form (PTO/SB/08A without copies of cited prior art). |
| ........ | Annotated version of amended Abstract and/or amended Specification. |
| ____ | Replacement pages amended Abstract and/or amended Specification. |
| _X_ | Annotated version of amended Drawings. |
| _X_ | Sheets of Replacement drawings. |
| _X_ | Amended claims. |
| _X_ | Remarks. |
| _X_ | RCE (PTO/SB/30). |
| ____ | Patent Application Fee Determination Record (PTO/SB/06). |
| ____ | Credit Card Payment Form  (PTO/2038). |
| _X_ | Request for Extension of Time. |
| _X_ | Precautionary Request for Extension of Time. |

1

BIG STIK-000237

Application No.  12/589,856
Art Unit  3652

## REMARKS

A.   Outstanding Action

The claim was rejected under 35 U.S.C. 102(b) or 35 U.S.C. 103 as stated in the outstanding office action.

Claims 16, 18, 19, 25, 30, 34-36 and 38 were rejected under 35 U.S.C. 103 as stated in the outstanding office action.

The claim 39 was indicated to contain allowable subject matter.

B.   Status Of Claims

Claims 16, 18, 19, 25, 30, 34-36, 38, 39 were pending in the application prior to the instant Amendment.

Claim 39 has been canceled without prejudice or disclaimer.

Claims 16, 18, 19, 25, 30, 34-36 and 38 are now pending.

C.   Amendments To The Claims

The claim(s) has been amended in accordance with the enclosed marked up copy.

D.   Drawings

The drawings have been objected to as set forth in the office action.  A copy of the drawings which have been corrected in red ink are being submitted herewith.  The corrected drawings are believed to overcome the objections set forth in the outstanding office action.  No new matter has been introduced (35 U.S.C. 132; 37 CFR 1.118).  Formal drawings are being submitted herewith.

1

BIG STIK-000238

Application No.  12/589,856
Art Unit  3652

E.    Pending Claims

Allowance of Dependent Claim - Amendment Into Independent Form

Dependent claim 39 was indicated to be allowable, but was objected to as being dependent upon a rejected base claim.  Dependent claim 39 has been amended to be in independent form to contain all of the limitations of the base claim and any intervening claims. It is respectfully submitted that claim 16 is now in condition for allowance. Dependent claims 18, 19 and 38 are dependent upon independent claim 16 and should be allowable upon allowance of independent claim 16.

Applicant has further amended independent claims 25 and 34 to include the limitations of claim 39.  As such, it is respectfully submitted that independent claims 25 and 34 overcome the rejection under 35 U.S.C. 103 as being unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Drake (U.S. Patent 6,682,209) and are now in condition for allowance.  Dependent claim 30 is dependent upon independent claim 25 and should be allowable upon allowance of independent claim 25.  Dependent claims 35 and 36 are dependent upon independent claim 34 and should be allowable upon allowance of independent claim 34.

F.    Request For Extension of Time

2

Application No.  12/589,856
Art Unit  3652

   Enclosed is a Request for Extension of Time to respond to the outstanding office action.  Please charge all fees in accordance with the Credit Card Payment Form of the United States Patent and Trademark Office.

   The Commissioner is authorized to charge any deficiency in filing fees or credit any overpayment arising out of this correspondence or any further correspondence to Deposit Account No. 06-2120.

G.    <u>Precautionary Request for an Extension of Time</u>

   In the event the present filing is not timely filed, applicant request an Extension of Time for an appropriate period of time.  Please charge Deposit Account No. 06-2120 for the fees for any Extension of Time.

H.    <u>Additional Fees</u>

   Please charge Deposit Account No. 06-2120 for the fees for any additional claims, an Extension of Time, Citation of Prior Art, Petitions, Terminal Disclaimers or any other fee arising out of this correspondence.

   Applicant verily believes that all claims are now in condition for allowance and favorable action is respectfully requested.  The undersigned attorney of record cordially invites any telephonic communications from the examiner that may assist the examiner in the examination and to expedite the allowance and issuance of Letters Patent on the subject invention.

3

BIG STIK-000240

Application No.  12/589,856
Art Unit  3652

Respectfully submitted,

FRIJOUF, RUST & PYLE, P.A.

_____
David A. Frijouf, Reg. No. 50,422
201 East Davis Blvd Boulevard
Tampa, Florida  33606
813.254.5100   phone
813.254.5400   facsimile
frijouf@frijouf.com   email
Attorneys for Applicant

Deposit Account

Please charge our account any deficiency in fees or credit any over payment arising out of this correspondence to Deposit Account No. 06-2120.

_____

4

BIG STIK-000241

Application No.  12/589,856
Art Unit  3652

In the Claims

1.    (Withdrawn)   An extension tool, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole

extending between a first end and a second end;

a second pole defining a second exterior surface with said second pole extending between

a first end and a second end;

a first bushing defining an internal bore and an exterior surface;

a second bushing defining an internal bore and an exterior surface;

said second pole being partially disposed in said first pole with said internal bore of said

first bushing slidably engaging with said exterior surface of said second pole and

with said exterior surface of said second bushing slidably engaging with said

internal bore of said first pole for enabling said second pole to be slidably

displaced relative to said first pole;

a plurality of apertures defined in said second pole;

a pin mounted to said first pole for movement between a retracted position and a

protruded position;

a spring for biasing said pin into said protruded position for extending into a selected one

of said plurality of apertures of said second pole for fixing the position of said

second pole relative to said first pole;

a pin lever for moving said pin into said retracted position for permitting displacement of

said first pole relative to said second pole; and

an upper telescoping stop comprising said first bushing cooperating with said second

5

Application No. 12/589,856
Art Unit 3652

> bushing to limit an outward movement of said second pole relative to said first
>
> pole upon engagement of said first bushing with said second bushing.

2.　　(Withdrawn)　An extension tool as set forth in claim 1, including a mounting secured to
said second end of said second pole for mounting a device thereon.

3.　　(Withdrawn)　An extension tool as set forth in claim 1, including a mounting secured to
said second end of said second pole for mounting a tool device thereon.

4.　　(Withdrawn)　An extension tool as set forth in claim 1, including a mounting secured to
said second end of said second pole for mounting a sensor device thereon.

5.　　(Withdrawn)　An extension tool as set forth in claim 1, including a mounting secured to
said second end of said second pole for mounting a support device thereon.

6.　　(Withdrawn)　An extension tool for extending a device for an operator, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole
extending between a first end and a second end;

a handle defined in proximity to said first end of said first pole;

a second pole defining a second exterior surface with said second pole extending between
a first end and a second end;

a mounting secured to said second end of said second pole for mounting the device
thereon;

6

BIG STIK-000243

Application No.  12/589,856
Art Unit  3652

a first bushing defining an internal bore and an exterior surface and secured within said

internal bore of said first pole;

a second bushing defining an internal bore and an exterior surface and secured to said

exterior surface of said second pole;

said second pole partially disposed in said first pole with said internal bore of said first

bushing slidably engaging with said exterior surface of said second pole and with

said exterior surface of said second bushing slidably engaging with said internal

bore of said first pole for enabling said second pole to be slidably displaced

relative to said first pole;

a plurality of apertures defined in said second pole;

a collar secured to said second end of said first pole having a pin aperture;

a pin slidably engaging within said collar between a retracted position and a protruded

position;

a spring for biasing said pin into said protruded position for extending into a selected one

of said plurality of apertures of said second pole for fixing the position of said

second pole relative to said first pole;

a pin lever mounted to said collar for moving said pin into said retracted position for

permitting displacement of said first pole relative to said second pole; and

an upper telescoping stop comprising said first bushing cooperating with said second

bushing to limit an outward movement of said second pole relative to said first

pole upon engagement of said first bushing with said second bushing.


7.      (Withdrawn)  An extension tool as set forth in claim 6, wherein the device is a tool for

7

Application No.  12/589,856
Art Unit  3652

rotating a brake wheel on a railroad car.


8.      (Withdrawn)   An extension tool as set forth in claim 6, wherein the device is a tool for

performing a tool function.


9.      (Withdrawn)   An extension tool as set forth in claim 6, wherein the device is a sensor

device.


10.     (Withdrawn)   An extension tool as set forth in claim 6, wherein said handle includes a

knurled portion of said first exterior surface.


11.     (Withdrawn)   An extension tool as set forth in claim 6, wherein said first and second

poles are formed of a metallic material; and

said first and second bushing are formed of a polymeric material for creating a metallic to

polymeric sliding engagement between said first and second poles.


12.     (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said

first pole includes a counterbore for receiving said first bushing.


13.     (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said

first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-

section with a chord defining a flatten portion of said substantially circular cross-

8

BIG STIK-000245

Application No.  12/589,856
Art Unit  3652

    section; and

an anti-rotation insert extending from said collar into said interior bore of said first pole
and positioning adjacent to said chord for inhibiting rotation between said second
pole relative to said first pole.

14.    (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said
first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-
section with a chord defining a flatten portion of said substantially circular cross-
section;

an anti-rotation insert extending from said collar into said interior bore of said first pole
and positioning adjacent to said chord for inhibiting rotation between said second
pole relative to said first pole; and

said anti-rotation insert extending from said collar into said interior bore for defining a
collar lock for securing said collar to said first pole.

15.    (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said
first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-
section with a chord defining a flatten portion of said substantially circular cross-
section;

an anti-rotation insert extending from said collar into said interior bore of said first pole
and positioning adjacent to said chord for inhibiting rotation between said second

9

BIG STIK-000246

Application No.  12/589,856
Art Unit  3652

pole relative to said first pole; and

said anti-rotation insert extending from said collar into said interior bore for defining a

bushing lock for securing said first bushing to said first pole.


16.    (Currently amended)  An extension tool for engaging a railroad car, the railroad car

including a front side, a rear side, a left side and a right side, the front side and the rear side

including a knuckle coupler for linking with a second railroad car, the front side and the rear

side also including a wheel brake for engaging a railroad brake, the extension tool,

comprising:

a first pole defining an interior bore, a first exterior surface and extending between a first end

and a second end;

a second pole defining a second exterior surface and extending between a first end and a

second end;

said first end of said second pole positioned within said second end of said first pole for

positioning said second pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded

position;

said pin lever released for positioning said pin into said protruded position and inserting said

pin into said plurality of apertures of said second pole for terminating displacement

of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing

10

BIG STIK-000247

Application No. 12/589,856
Art Unit 3652

said pin from said plurality of apertures of said second pole for permitting

displacement of said first pole relative to said second pole;

said pin lever includes a spring for biasing said pin into said protruded position; ~~and~~

a claw securing to said second end of said second pole for engaging either the knuckle

coupler or the wheel brake of the railroad car <u>;</u> [[.]]

<u>a first pin column and a second pin column positioned on opposing sides of the pin lever;</u>

<u>a bridge member extending and coupled to said first pin column and said second pin column;</u>

<u>and</u>

<u>said bridge member having a bridge bore for receiving said pin.</u>


17.   (Cancelled)   An extension tool for engaging a railroad car as set forth in claim 16,

wherein said pin lever includes a spring for biasing said pin into said protruded position.


18.   (Original)   An extension tool for engaging a railroad car as set forth in claim 16,

wherein said first pole includes a guide pin extending within said internal bore of said first

pole;

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole

relative to said first pole during said pin in said retracted position.


19.   (Original)   An extension tool for engaging a railroad car as set forth in claim 16, wherein

said first pole include a stop pin traversing said internal bore of said first pole for engaging

11

BIG STIK-000248

Application No.  12/589,856
Art Unit  3652

said first end of said second pole.

20.    (Withdrawn)   An extension tool for engaging a railroad car, the railroad car including a

plurality of wheels for rotatably engaging along a rail system, the plurality of wheels

supporting a container, a brake engaging the plurality of wheels for terminating rotation of

the plurality of wheels, a wheel brake rotatably coupling to the railroad car, a brake linkage

coupling the wheel brake with the brake, the brake compressing or expanding relative to the

plurality of wheels upon rotating the wheel brake, the extension tool comprising:

a first pole defining an internal bore, an exterior surface and extending between a first end

and a second end;

a second pole defining a second exterior surface and extending between a first end and a

second end;

a first bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said second pole slidably engaging within said internal bore of said first bushing for

telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

telescoping said second pole relative to said first pole;

said second pole having a plurality of apertures extending between said second exterior

12

BIG STIK-000249

Application No.  12/589,856
Art Unit  3652

surface to said second internal bore;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded position;

said pin lever released for positioning said pin into said protruded position and inserting said pin into said plurality of apertures of said second pole for terminating displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing said pin from said plurality of apertures of said second pole for permitting displacement of said first pole relative to said second pole; and

a claw securing to said second end of said second pole for engaging the wheel brake of the railroad car.

21.    (Withdrawn)   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first end of said first bushing and said second end of said second bushing contacting for defining an upper telescoping stop.

22.    (Withdrawn)   An extension tool for engaging a railroad car as set forth in claim 20, wherein said pin lever includes a spring for biasing said pin into said protruded position.

23.    (Withdrawn)   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first pole includes a guide pin extending within said internal bore of said first pole;

13

BIG STIK-000250

Application No.  12/589,856
Art Unit  3652

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole

relative to said first pole during said pin in said retracted position.

24.   (Withdrawn)   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first pole include a stop pin traversing said internal bore of said first pole for engaging said first end of said second pole.

25.   (Currently amended)   An extension tool, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole extending between a first end and a second end;

a second pole defining a second exterior surface with said second pole extending between a first end and a second end;

a third pole defining an interior bore and a third exterior surface with said third pole extending between a first end and a second end;

said first end of said second pole positioned within said second end of said first pole for positioning said second pole into said internal bore of said first pole;

said first end of said first pole positioned within said second end of said third pole for positioning said first pole into said internal bore of said third pole;

said second pole having a plurality of apertures defined in said second pole;

a first pin fastener removably mounted relative to the said first pole for inserting into said plurality of apertures of said second pole for terminating displacement of said first

14

BIG STIK-000251

Application No.  12/589,856
Art Unit  3652

pole relative to said second pole;

said first pole having a plurality of apertures defined in said first pole;

a second pin lever pivotably mounted relative to said exterior surface of said third pole;

a second pin slidably engaging within said second pin lever between a retracted position and

a protruded position;

said second pin lever released for positioning said second pin into said protruded position

and inserting said second pin into said plurality of apertures of said first pole for

terminating displacement of said third pole relative to said first pole; ~~and~~

said second pin lever depressed for positioning said second pin into said retracted position

and removing said second pin from said plurality of apertures of said first pole for

permitting displacement of said third pole relative to said first pole [[.]] <u>.;</u>

<u>a first pin column and a second pin column positioned on opposing sides of the second pin</u>

<u>lever;</u>

<u>a bridge member extending and coupled to said first pin column and said second pin column;</u>

<u>and</u>

<u>said bridge member having a bridge bore for receiving said second pin.</u>

26.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

end;

a second bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first

15

BIG STIK-000252

Application No.  12/589,856
Art Unit  3652

      end and a second end;

    a fourth bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

    said first bushing securing within said internal bore of said first pole;

    said second bushing securing over said exterior surface of said second pole;

    said third bushing securing within said internal bore of said third pole;

    said fourth bushing securing over said exterior surface of said first pole;

    said second pole slidably engaging within said internal bore of said first bushing for

        telescoping said second pole relative to said first pole;

    said second bushing slidably engaging within said internal bore of said first pole for

        telescoping said second pole relative to said first pole;

    said first pole slidably engaging within said internal bore of said third bushing for

        telescoping said third pole relative to said first pole; and

    said fourth bushing slidably engaging within said internal bore of said third pole for

        telescoping said third pole relative to said first pole.


27.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

end;

    a second bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

    a third bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

16

BIG STIK-000253

Application No.  12/589,856
Art Unit  3652

a fourth bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for

telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for

telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for

telescoping said third pole relative to said first pole.

an first upper telescoping stop comprising said first bushing cooperating with said second

bushing to limit an outward movement of said second pole relative to said first

pole upon engagement of said first bushing with said second bushing;

a second upper telescoping stop comprising said third bushing cooperating with said fourth

bushing to limit an outward movement of said first pole relative to said third pole

upon engagement of said third bushing with said fourth bushing.


28.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

17

Application No.  12/589,856
Art Unit  3652

end;

a second bushing defining an internal bore, an exterior surface and extending between a first

       end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first

       end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first

       end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for

       telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

       telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for

       telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for

       telescoping said third pole relative to said first pole;

said first, second and third poles are formed of a metallic material; and

said first, second, third and fourth bushing are formed of a polymeric material for

       creating a metallic to polymeric sliding engagement between the said first and

       second poles and the third and first poles.

18

BIG STIK-000255

Application No.  12/589,856
Art Unit  3652

29.   (Withdrawn)  An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

end;

a second bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for

telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for

telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for

telescoping said third pole relative to said first pole;

said interior bore of said first pole includes a first counterbore for receiving said first

19

BIG STIK-000256

Application No.  12/589,856
Art Unit  3652

bushing; and

said interior bore of said third pole includes a second counterbore fore receiving said third
bushing.


30.    (Original)     An extension tool as set forth in claim 25, further including a first collar
secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a
protruded position;

a first spring for biasing said first pin into said protruded position for extending into a
selected one of said plurality of apertures of said second pole for fixing the
position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted
position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position
and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into
a selected one of said plurality of apertures of said first pole for fixing the
position of said first pole relative to said third pole; and

said second pin lever mounted to said second collar for moving said second pin into said
retracted position for permitting displacement of said third pole relative to said
first pole.

20

BIG STIK-000257

Application No. 12/589,856
Art Unit 3652

31.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first collar
        secured to second end of said first pole having a first pin aperture;

        said first pin slidably engaging within said first collar between a retracted position and a
                protruded position;

        a first spring for biasing said first pin into said protruded position for extending into a
                selected one of said plurality of apertures of said second pole for fixing the
                position of said second pole relative to said first pole;

        said first pin lever mounted to said first collar for moving said first pin into said retracted
                position for permitting displacement of said first pole relative to said second pole;

        a second collar secured to second end of said third pole having a second pin aperture;

        said second pin slidably engaging within said second collar between a retracted position
                and a protruded position;

        a second spring for biasing said second pin into said protruded position for extending into
                a selected one of said plurality of apertures of said first pole for fixing the
                position of said first pole relative to said third pole;

        said second pin lever mounted to said second collar for moving said second pin into said
                retracted position for permitting displacement of said third pole relative to said
                first pole;

        said interior bore of said first pole has a substantially circular cross-section;

        said exterior surface of said second pole having a substantially circular cross-section with
                a first chord defining a flatten portion of said substantially circular cross-section;

        a first anti-rotation insert extending from said first collar into said interior bore of said
                first pole and positioning adjacent to said first chord for inhibiting rotation

21

BIG STIK-000258

Application No.  12/589,856
Art Unit  3652

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a

second chord defining a flatten portion of said substantially circular cross-section;

and

a second anti-rotation insert extending from said second collar into said interior bore of

said third pole and positioning adjacent to said second chord for inhibiting

rotation between said first pole relative to said third pole.


32.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first collar

secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a

protruded position;

a first spring for biasing said first pin into said protruded position for extending into a

selected one of said plurality of apertures of said second pole for fixing the

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the

22

Application No.  12/589,856
Art Unit  3652

position of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said retracted position for permitting displacement of said third pole relative to said first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said first pole and positioning adjacent to said first chord for inhibiting rotation between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of said third pole and positioning adjacent to said second chord for inhibiting rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said first pole for defining a first collar lock for securing said first collar to said first pole; and

said second anti-rotation insert extending from said second collar into said interior bore of said third pole for defining a second collar lock for securing said second collar to said third pole.

BIG STIK-000260

Application No. 12/589,856
Art Unit 3652

33.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first collar
secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a
protruded position;

a first spring for biasing said first pin into said protruded position for extending into a
selected one of said plurality of apertures of said second pole for fixing the
position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted
position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position
and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into
a selected one of said plurality of apertures of said first pole for fixing the
position of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said
retracted position for permitting displacement of said third pole relative to said
first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with
a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said
first pole and positioning adjacent to said first chord for inhibiting rotation

24

Application No. 12/589,856
Art Unit 3652

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a
second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of
said third pole and positioning adjacent to said second chord for inhibiting
rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said
first pole for defining a first bushing lock for securing said first bushing to said
first pole; and

said second anti-rotation insert extending from said second collar into said interior bore
of said third pole for defining a second bushing lock for securing said third
bushing to said third pole.


34.     (Currently amended)  An extension tool, comprising:

a first pole defining an interior bore with said first pole extending between a first end and
a second end;

a second pole extending between a first end and a second end;

said first end of said second pole located within said first pole for positioning said second
pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever moving a pin between a retracted position and a protruded position;

said pin lever released for positioning said pin into said protruded position for inserting

25

BIG STIK-000262

Application No.  12/589,856
Art Unit  3652

said pin  into one of said plurality of apertures of said second pole for inhibiting

displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position for removing

said pin from said plurality of apertures of said second pole for permitting

displacement of said first pole relative to said second pole; ~~and~~

~~an illuminator affixed to one of said first and second poles for illuminating in proximity~~

~~to said second pole.~~

<u>a first pin column and a second pin column positioned on opposing sides of the pin lever;</u>

<u>a bridge member extending and coupled to said first pin column and said second pin column;</u>

<u>and</u>

<u>said bridge member having a bridge bore for receiving said pin.</u>


35.    (Currently amended)  An extension tool as set forth in claim 34, including <u>an illuminator</u>

<u>affixed to one of said first and second poles for illuminating in proximity to said second</u>

<u>pole; and</u>

a clamp for securing said illuminator to one of said first and second poles.


36.    (Original)     An extension tool as set forth in claim 34, including a holder for securing

said illuminator to one of said first and second poles.


37.    (Withdrawn)  An extension tool as set forth in claim 34, including a first bushing

defining an internal bore and an exterior surface;

a second bushing defining an internal bore and an exterior surface;

26

BIG STIK-000263

Application No. 12/589,856
Art Unit 3652

> said internal bore of said first bushing slidably engaging with said exterior surface of said second pole and with said exterior surface of said second bushing slidably engaging with said internal bore of said first pole for enabling said second pole to be slidably displaced relative to said first pole; and

an upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing.

38.    (Previously presented)    An extension tool for engaging a railroad car as set forth in claim 16, wherein said pin lever includes a pin plate and a handle plate coupled  by an angled portion;

said pin plating includes a pin bore for receiving said pin;

said handle plate is substantially longer than said pin plate;

said angled portion and said substantially longer handle plate relative to said pin plate defining a mechanical advantage tool; and

said mechanical advantage tool applying a mechanical advantage force against said pin spring upon a force being applied to said handle plate.

39.    (Cancelled)    An extension tool for engaging a railroad car as set forth in claim 16, further including a first pin column and a second pin column positioned on opposing sides of the pin lever;

a bridge member extending and coupled to said first pin column and said second pin column; and

27

Application No.  12/589,856
Art Unit  3652

said bridge member having a bridge bore for receiving said pin.

28

BIG STIK-000265

 **United States Patent and Trademark Office**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/589,856 | 10/29/2009 | Robert G. Lofley SR. | 2009-0208 | 4826 |

72134          7590          08/14/2012
FRIJOUF , RUST & PYLE , P.A.
201 EAST DAVIS BOULEVARD
TAMPA, FL 33606

| EXAMINER |
|---|
| PUIG, GABRIELA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/14/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

BIG STIK-000279

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 12/589,856 | LOFLEY ET AL. |
| | Examiner | Art Unit | |
| | GABRIELA PUIG | 3652 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>31 May 2012</u>.

2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5)☒ Claim(s) <u>1-16 and 18-39</u> is/are pending in the application.

   5a) Of the above claim(s) <u>1-15,20-24,26-29,31-33 and 37</u> is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) <u>16,18,19,25,30,34-36 and 38</u> is/are rejected.

8)☒ Claim(s) <u>39</u> is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on <u>05/31/2012</u> is/are: a)☐ accepted or b)☒ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All   b)☐ Some * c)☐ None of:

     1.☐ Certified copies of the priority documents have been received.

     2.☐ Certified copies of the priority documents have been received in Application No. _____.

     3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail. Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 03-11)      **Office Action Summary**      Part of Paper No./Mail Date 20120807

BIG STIK-000280

Application/Control Number: 12/589,856                                    Page 2
Art Unit: 3652

## DETAILED ACTION

1.      This action is in response to Amendments made on 05/31/2012, in which: claims

16 and 25 are amended, claims 18, 19, 30 and 34-36 remain as filed originally, claims

38 and 39 are new, claims 1-15, 20-24, 26-29, 31-33 and 37 are withdrawn and claim

17 is canceled.

### *Drawings*

2.      Examiner appreciates attempt to correct drawing objections, however the

drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they

include the following reference character(s) not mentioned in the description: "5" (Figs.

12, 13 and 23).  Corrected drawing sheets in compliance with 37 CFR 1.121(d), or

amendment to the specification to add the reference character(s) in the description in

compliance with 37 CFR 1.121(b) are required in reply to the Office action to avoid

abandonment of the application. Any amended replacement drawing sheet should

include all of the figures appearing on the immediate prior version of the sheet, even if

only one figure is being amended. Each drawing sheet submitted after the filing date of

an application must be labeled in the top margin as either "Replacement Sheet" or "New

Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner,

the applicant will be notified and informed of any required corrective action in the next

Office action. The objection to the drawings will not be held in abeyance.

Application/Control Number: 12/589,856                                    Page 3
Art Unit: 3652

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

4.      **Claims 16 and 19 are rejected under 35 U.S.C. 103(a) as being unpatentable**

**over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632 A1) and**

**further in view of Browning (U.S. Patent 5,481,950).**

5.      Regarding claim 16.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12) comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore, a first exterior surface and extending between a first

end and a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") defining a second exterior surface and extending between a first end and a

second end (Figure 6); said first end of said second pole positioned within said second

end of said first pole for positioning said second pole into said internal bore of said first

pole (Figure 6); said first pole having an aperture (45; Figures 1 and 6; "hole"; Figure 6).

Wiese does not specifically disclose the extension tool, comprising: said second pole

having a plurality of apertures defined in said second pole; a pin lever pivotally

mounted relative to said exterior surface of said first pole; a pin slid ably engaging within

said pin lever between a retracted position and a protruded position; said pin lever

BIG STIK-000282

Application/Control Number: 12/589,856                                    Page 4
Art Unit: 3652

released for positioning said pin into said protruded position and inserting said pin into

said plurality of apertures of said second pole for terminating displacement of said first

pole relative to said second pole; said pin lever depressed for positioning said pin into

said retracted position and removing said pin from said plurality of apertures of said

second pole for permitting displacement of said first pole relative to said second pole;

and said pin lever includes a spring for biasing said pin into said protruded position.

Jang discloses an extension tool, comprising: said second pole (13, Figures 1, 2 and 6;

"locking pole") having a plurality of apertures (37, Figures 2 and 6; "aligned holes")

defined in said second pole (Figure 2); a pin lever (25, Figures 2-6; "release lever")

pivotably mounted relative to said exterior surface of said first pole (12, Figures 1, 2, 4

and 6; "locking pole"; Figure 6); a pin (24, Figures 2, 3, 6 and 7) slidably engaging within

said pin lever between a retracted position and a protruded position (Figures 6); said pin

lever released for positioning said pin into said protruded position and inserting said pin

into said plurality of apertures of said second pole for terminating displacement of said

first pole relative to said second pole (Figures 2 and 6); said pin lever depressed for

positioning said pin into said retracted position and removing said pin from said plurality

of apertures of said second pole for permitting displacement of said first pole relative to

said second pole (Figures 2 and 6); said pin lever (25, Figures 2-6; "release lever")

includes a spring (53, Figure 6) for biasing said pin (24, Figures 2, 3, 6 and 7) into said

protruded position (Figures 2 and 6). Also, Wiese does not disclose an extension tool

for engaging a railroad car, the railroad car including a front side, a rear side, a left side

and a right side, the front side and the rear side including a knuckle coupler for linking

BIG STIK-000283

Application/Control Number: 12/589,856                                          Page 5
Art Unit: 3652

with a second railroad car, the front side and the rear side also including a wheel brake

for engaging a railroad brake; and a claw securing to said second end of said second

pole for engaging either the knuckle coupler or the wheel brake of the railroad car.

Browning discloses an extension tool for engaging a railroad car, the railroad car

including a front side, a rear side, a left side and a right side, the front side and the rear

side including a knuckle coupler (64, Figures 3 and 6; "coupling means") for linking with

a second railroad car, the front side and the rear side also including a wheel brake (80,

Figures 3 and 4; "brake wheel") for engaging a railroad brake (Figures 3 and 4), the

extension tool, comprising: a claw (12, Figures 1 and 4-6; "rigid head") securing to said

second end of said second pole for engaging either the knuckle coupler or the wheel

brake of the railroad car (Column 2, Lines 15-19). It would have been obvious for a

person of ordinary skill in the art at the time of the invention to modify the tool as

disclosed by Wiese with the pin lever and apertures as disclosed by Jang since such

would enable the user to easily shorten or lengthen the tool through a selected aperture

via the lever, and in doing so, it would have been obvious to include the claw as

disclosed by Browning since such would enable the tool to operate the wheel brake of a

railroad car.

6.      Regarding claim 19.  Wiese in view of Jang and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment")

include a stop pin (Wiese; 44, Figures 6; "locking pin") traversing said internal bore of

said first pole for engaging said first end of said second pole (Wiese; 12, Figures 1, 2, 6,

BIG STIK-000284

Application/Control Number: 12/589,856                                    Page 6
Art Unit: 3652

7, 11 and 12; "top segment"; Figure 6).  It would have been obvious for a person of

ordinary skill in the art at the time of the invention to modify the tool as disclosed by

Wiese in view of the tool as disclosed by Jang since such would enable the user to

easily shorten or lengthen the tool through a selected aperture via the lever, and in

doing so, it would have been obvious to include the tool as disclosed by Browning since

such would enable the tool to operate the wheel brake of a railroad car.

7.      **Claim 18 is rejected under 35 U.S.C. 103(a) as being unpatentable over**
**Wiese (U.S. Patent 4,918,896), in view of Jang (US 2006/0062632 A1), in view of**
**Browning (U.S. Patent 5,481,950) and further in view of Wilcox et al. (U.S. Patent**
**7,025,015).**

8.      Regarding claim 18.  Wiese in view of Jang and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment")

includes a pin (Wiese; 44, Figures 6; "locking pin") extending within said internal bore of

said first pole (Wiese; Figure 6); said second exterior surface of said second pole

(Wiese; 12, Figures 1, 2, 6, 7, 11 and 12; "top segment"; Figure 6).  Wiese does not

specifically disclose wherein said first pole includes a guide pin extending within said

internal bore of said first pole; said second exterior surface of said second pole having a

guide groove; and said guide pin engaging said guide groove for preventing rotation of

said second pole relative to said first pole during said pin in said retracted position.

Wilcox discloses an extension tool wherein said first pole (20, Figures 2, 3 and 4)

BIG STIK-000285

Application/Control Number: 12/589,856                                    Page 7

Art Unit: 3652

includes a guide pin (70, Figures 2, 3 and 4) extending within said internal bore of said

first pole (Figures 2, 3 and 4); said second exterior surface of said second pole (30,

Figures 2, 3 and 4) having a guide groove (72; Figures 2, 3 and 4); and said guide pin

engaging said guide groove for preventing rotation of said second pole relative to said

first pole during said pin in said retracted position (Figures 2, 3 and 4; Col. 3, Ln. 4-14

and 21-24). It would have been obvious for a person of ordinary skill in the art at the

time of the invention to modify the tool as disclosed by Wiese, Jang and Browning with

the guide pin and groove as disclosed by Wilcox since such would ensure proper

alignment of the poles and the additional components.

9.      **Claims 25 and 30 are rejected under 35 U.S.C. 103(a) as being unpatentable**

**over Wiese (U.S. Patent 4,918,896) and further in view of Jang (US 2006/0062632**

**A1).**

10.     Regarding claim 25.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12), comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore and a first exterior surface with said first pole

extending between a first end and a second end (Figure 6); a second pole (12, Figures

1, 2, 6, 7, 11 and 12; "top segment") defining a second exterior surface with said second

pole extending between a first end and a second end (Figure 6); a third pole (10,

Figures 1, 2, 4, 5, 8, 9 and 11; "bottom segment") defining an interior bore and a third

exterior surface with said third pole extending between a first end and a second end

(Figure 5); said first end of said second pole positioned within said second end of said

BIG STIK-000286

first pole for positioning said second pole into said internal bore of said first pole (Figure

6); said first end of said first pole positioned within said second end of said third pole for

positioning said first pole into said internal bore of said third pole (Figure 5); a first pin

(44, Figures 6; "locking pin") fastener removably mounted relative to the said second

pole for inserting into said aperture of said first pole for terminating displacement of said

first pole relative to said second pole (Figure 6); said first pole having an aperture (45;

Figures 1 and 6; "hole").  Wiese does not specifically disclose said second pole having a

plurality of apertures defined in said second pole; a first pin fastener removably

mounted relative to the said first pole for inserting into said plurality of apertures of said

second pole for terminating displacement of said first pole relative to said second pole;

said first pole having a plurality of apertures defined in said first pole; a second pin lever

pivotably mounted relative to said exterior surface of said third pole; a second pin

slidably engaging within said second pin lever between a retracted position and a

protruded position; said second pin lever released for positioning said second pin into

said protruded position and inserting said second pin into said plurality of apertures of

said first pole for terminating displacement of said third pole relative to said first pole;

and said second pin lever depressed for positioning said second pin into said retracted

position and removing said second pin from said plurality of apertures of said first pole

for permitting displacement of said third pole relative to said first pole.  Jang discloses

an extension tool, comprising: said second pole (13, Figures 1, 2 and 6; "locking pole")

having a plurality of apertures (37, Figures 2 and 6; "aligned holes") defined in said

second pole (Figure 2); a pin lever (25, Figures 2-6; "release lever") pivotably mounted

relative to said exterior surface of said first pole (12, Figures 1, 2, 4 and 6; "locking

pole"; Figure 6); a pin (24, Figures 2, 3, 6 and 7) slidably engaging within said pin lever

between a retracted position and a protruded position (Figure 6); said pin lever released

for positioning said pin into said protruded position and inserting said pin into said

plurality of apertures of said second pole for terminating displacement of said first pole

relative to said second pole (Figures 2 and 6); and said pin lever depressed for

positioning said pin into said retracted position and removing said pin from said plurality

of apertures of said second pole for permitting displacement of said first pole relative to

said second pole (Figures 2 and 6). It would have been obvious for a person of ordinary

skill in the art at the time of the invention to modify the tool as disclosed by Wiese with

the pin lever and apertures as disclosed by Jang since such would enable the user to

easily shorten or lengthen the tool through a selected aperture via the lever.

11.     Regarding claim 30.  Wiese further in view of Jang discloses an extension tool as

set forth in claim 25, further including a first plug (Wiese; 43, Figures 6 and 11) secured

to second end of said second pole (Wiese; 12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") having a first pin aperture (Wiese; 45; Figures 1 and 6; "hole"; Figure 6); said

first pin (Wiese; 44, Figures 6; "locking pin") slidably engaging within said first plug

between a retracted position and a protruded position (Wiese; Figure 6); a first spring

for biasing said first pin into said protruded position for extending into an aperture of

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment") for

fixing the position of said second pole relative to said first pole (Wiese; Figure 6); a

second plug (Wiese; 31, Figures 5, 8 and 11) secured to second end of said first pole

Application/Control Number: 12/589,856                                   Page 10

Art Unit: 3652

having a second pin aperture (Wiese; 38, Figures 1, 2, 5 and 8; Figure 5); said second

pin (Wiese; 33, Figures 5, 8 and 11) slidably engaging within said second plug between

a retracted position and a protruded position (Wiese; Figure 5); a second spring for

biasing said second pin into said protruded position for extending into an aperture of

said third pole (Wiese; 10, Figures 1, 2, 4, 5, 8, 9 and 11; "bottom segment") for fixing

the position of said first pole relative to said third pole (Wiese; Figure 5). Wiese does

not specifically disclose a first collar secured to second end of said first pole having a

first pin aperture; said first pin slidably engaging within said first collar between a

retracted position and a protruded position; a first spring for biasing said first pin into

said protruded position for extending into a selected one of said plurality of apertures of

said second pole for fixing the position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole; a

second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position; a second spring for biasing said second pin into said

protruded position for extending into a selected one of said plurality of apertures of said

first pole for fixing the position of said first pole relative to said third pole; and said

second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said first pole.

Jang discloses a tool including a collar (Jang; 20, Figures 2-5; "locking means") secured

to said second end of said first pole (Jang; 12, Figures 1, 2, 4 and 6; "locking pole")

BIG STIK-000289

having a pin (Jang; 24, Figures 2, 3, 6 and 7) aperture (Jang; Figures 2 and 6); a pin

slidably engaging within said collar between a retracted position and a protruded

position (Jang; Figure 6); a spring (Jang; 53, Figure 6) for biasing said pin into said

protruded position for extending into a selected one of said plurality of apertures (Jang;

37, Figures 2 and 6; "aligned holes") of said second pole (Jang; 13, Figures 1, 2 and 6;

"locking pole") for fixing the position of said second pole relative to said first pole (Jang;

Figures 2 and 6); a pin lever Jang; (25, Figures 2-6; "release lever") mounted to said

collar for moving said pin into said retracted position for permitting displacement of said

first pole relative to said second pole (Jang; Figure 6). It would have been obvious for a

person of ordinary skill in the art at the time of the invention to modify the tool as

disclosed by Wiese with the pin lever, apertures and collar as disclosed by Jang since

such would enable the user to easily shorten or lengthen the tool through a selected

aperture via the lever.

**12.     Claims 34-36 are rejected under 35 U.S.C. 103(a) as being unpatentable
over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632 A1) and
further in view of Drake et al. (U.S. Patent 6,682,209).**

13.     Regarding claim 34.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12), comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore with said first pole extending between a first end and

a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") extending between a first end and a second end (Figure 6); said first end of

said second pole located within said first pole for positioning said second pole into said

internal bore of said first pole (Figure 6); said second pole having an aperture (45;

Figures 1 and 6; "hole"; Figure 6); and a pin (44, Figures 6; "locking pin") for inhibiting

displacement of said first pole relative to said second pole (Figure 6).  Wiese does not

specifically disclose said second pole having a plurality of apertures defined in said

second pole; a pin lever moving a pin between a retracted position and a protruded

position; said pin lever released for positioning said pin into said protruded position for

inserting said pin into one of said plurality of apertures of said second pole for inhibiting

displacement of said first pole relative to said second pole; and said pin lever depressed

for positioning said pin into said retracted position for removing said pin from said

plurality of apertures of said second pole for permitting displacement of said first pole

relative to said second pole.  Jang discloses an extension tool comprising: said second

pole (13, Figures 1, 2 and 6; "locking pole") having a plurality of apertures (37, Figures 2

and 6; "aligned holes") defined in said second pole (Figure 2); a pin lever (25, Figures 2-

6; "release lever") moving a pin (24, Figures 2, 3, 6 and 7) between a retracted position

and a protruded position (Figures 2 and 6); said pin lever released for positioning said

pin into said protruded position for inserting said pin into one of said plurality of

apertures of said second pole for inhibiting displacement of said first pole (12, Figures 1,

2, 4 and 6; "locking pole") relative to said second pole (Figure 6); said pin lever

depressed for positioning said pin into said retracted position for removing said pin from

said plurality of apertures of said second pole for permitting displacement of said first

pole relative to said second pole (Figure 6).  Also, Wiese does not disclose an

BIG STIK-000291

illuminator affixed to one of said first and second poles for illuminating in proximity to

said second pole.  Drake et al. discloses an extension tool comprising: an illuminator

(52, Figures 1-3 and 7; "lighting fixtures") affixed to one of said first (35, Figures 1-4 and

9; "pole") and second (33, Figures 1-4 and 9; "pole") poles for illuminating in proximity to

said second pole (Figure 3).  It would have been obvious for a person of ordinary skill in

the art at the time of the invention to modify the tool as disclosed by Wiese with the pin

lever and apertures as disclosed by Jang since such would enable the user to easily

shorten or lengthen the tool through a selected aperture via the lever and with the

illuminator as disclosed by Drake et al. since such would enable the user to see the tool

at the end of the pole.

14.     Regarding claim 35.  Wiese in view of Jang and further in view of Drake et al.

discloses an extension tool as set forth in claim 34, including a clamp (Drake et al.; 53,

Figures 2, 3, 7  and 8; "fixture clamp") for securing said illuminator (Drake et al.; 52,

Figures 1-3 and 7; "lighting fixtures") to one of said first (Drake et al.; 35, Figures 1-4

and 9; "pole") and second (Drake et al.; 33, Figures 1-4 and 9; "pole") poles (Drake et

al.; Figure 3).  It would have been obvious for a person of ordinary skill in the art at the

time of the invention to modify the tool as disclosed by Wiese in view of the tool as

disclosed by Jang since such would enable the user to easily shorten or lengthen the

tool through a selected aperture via the lever and with the illuminator as disclosed by

Drake et al. since such would enable the user to see the tool at the end of the pole.

15.     Regarding claim 36.  Wiese in view of Jang and further in view of Drake et al.

discloses an extension tool as set forth in claim 34, including a holder (Drake et al.; 53,

Figures 2, 3, 7  and 8; "fixture clamp") for securing said illuminator (Drake et al.; 52,

Figures 1-3 and 7; "lighting fixtures") to one of said first (Drake et al.; 35, Figures 1-4

and 9; "pole") and second (Drake et al.; 33, Figures 1-4 and 9; "pole") poles (Drake et

al.; Figure 3).  It would have been obvious for a person of ordinary skill in the art at the

time of the invention to modify the tool as disclosed by Wiese in view of the tool as

disclosed by Jang since such would enable the user to easily shorten or lengthen the

tool through a selected aperture via the lever and with the illuminator as disclosed by

Drake et al. since such would enable the user to see the tool at the end of the pole.

**16.      Claims 16 and 38 are rejected under 35 U.S.C. 103(a) as being unpatentable**

**over Wiese (U.S. Patent 4,918,896) in view of Hsieh (U.S. Patent 7,040,832) and**

**further in view of Browning (U.S. Patent 5,481,950).**

17.      Regarding claim 16.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12) comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore, a first exterior surface and extending between a first

end and a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") defining a second exterior surface and extending between a first end and a

second end (Figure 6); said first end of said second pole positioned within said second

end of said first pole for positioning said second pole into said internal bore of said first

pole (Figure 6); said first pole having an aperture (45; Figures 1 and 6; "hole"; Figure 6).

Wiese does not specifically disclose the extension tool, comprising: said second pole

having a plurality of apertures defined in said second pole; a pin lever pivotably

Application/Control Number: 12/589,856                                    Page 15
Art Unit: 3652

mounted relative to said exterior surface of said first pole; a pin slid ably engaging within

said pin lever between a retracted position and a protruded position; said pin lever

released for positioning said pin into said protruded position and inserting said pin into

said plurality of apertures of said second pole for terminating displacement of said first

pole relative to said second pole; said pin lever depressed for positioning said pin into

said retracted position and removing said pin from said plurality of apertures of said

second pole for permitting displacement of said first pole relative to said second pole;

and said pin lever includes a spring for biasing said pin into said protruded position.

Hsieh discloses an extension tool, comprising: said second pole (11, Figures 1-5)

having a plurality of apertures (111, Figures 2, 3 and 5) defined in said second pole

(Col. 1, Ln. 66-67); a pin lever (25, Figures 1-5) pivotably mounted (at 251, Figures 2

and 3) relative to said exterior surface of said first pole (10, Figures 1-5); a pin (26,

Figures 1-3) slidably engaging within said pin lever between a retracted position and a

protruded position (Figures 2 and 3); said pin lever released for positioning said pin into

said protruded position and inserting said pin into said plurality of apertures of said

second pole for terminating displacement of said first pole relative to said second pole

(Figures 2 and 3; Col. 2, Ln. 39-43); said pin lever depressed for positioning said pin

into said retracted position and removing said pin from said plurality of apertures of said

second pole for permitting displacement of said first pole relative to said second pole

(Figures 2 and 3; Col. 2, Ln. 43-46); said pin lever includes a spring (262, Figures 2 and

3) for biasing said pin into said protruded position (Figures 2 and 3; Col. 2, Ln. 48-53).

Also, Wiese does not disclose an extension tool for engaging a railroad car, the railroad

car including a front side, a rear side, a left side and a right side, the front side and the

rear side including a knuckle coupler for linking with a second railroad car, the front side

and the rear side also including a wheel brake for engaging a railroad brake; and a claw

securing to said second end of said second pole for engaging either the knuckle coupler

or the wheel brake of the railroad car.  Browning discloses an extension tool for

engaging a railroad car, the railroad car including a front side, a rear side, a left side and

a right side, the front side and the rear side including a knuckle coupler (64, Figures 3

and 6; "coupling means") for linking with a second railroad car, the front side and the

rear side also including a wheel brake (80, Figures 3 and 4; "brake wheel") for engaging

a railroad brake (Figures 3 and 4), the extension tool, comprising: a claw (12, Figures 1

and 4-6; "rigid head") securing to said second end of said second pole for engaging

either the knuckle coupler or the wheel brake of the railroad car (Column 2, Lines 15-

19). It would have been obvious for a person of ordinary skill in the art at the time of the

invention to modify the tool as disclosed by Wiese with the pin lever and apertures as

disclosed by Hsieh since it would provide an improved locking device to enable a lone

operator to safely finish the adjustment of the relative position of the inner tube relative

to the outer tube (Hsieh; Col. 1, Ln. 33-36), and in doing so, it would have been obvious

to include the claw as disclosed by Browning since such would enable the tool to

operate the wheel brake of a railroad car.

18.      Regarding claim 38.  Wiese in view of Hsieh and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

said pin lever (Hsieh; 25, Figures 1-5) includes a pin plate (shown below, Figure A) and

Application/Control Number: 12/589,856                                    Page 17
Art Unit: 3652

a handle plate (shown below, Figure A) coupled by an angled portion (Hsieh; 251,

Figures 2 and 3); said pin plating includes a pin bore (Hsieh; 252, Figures 2 and 3) for

receiving said pin (Hsieh; 26, Figures 1-3); said handle plate is substantially longer than

said pin plate (Hsieh; Figures 2 and 3); said angled portion and said substantially longer

handle plate relative to said pin plate defining a mechanical advantage tool (Hsieh;

Figures 2 and 3); and said mechanical advantage tool applying a mechanical advantage

force against said pin spring upon a force being applied to said handle plate (Hsieh;

Figures 2 and 3; Col. 2, Ln. 39-53).  It would have been obvious for a person of ordinary

skill in the art at the time of the invention to modify the tool as disclosed by Wiese with

the pin lever and apertures as disclosed by Hsieh since it would provide an improved

locking device to enable a lone operator to safely finish the adjustment of the relative

position of the inner tube relative to the outer tube (Hsieh; Col. 1, Ln. 33-36.



Figure A

BIG STIK-000296

Application/Control Number: 12/589,856                                      Page 18
Art Unit: 3652

### *Allowable Subject Matter*

19.      Claim 39 is objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the

base claim and any intervening claims.

### *Response to Arguments*

20.      Applicant's arguments filed 05/31/2012 have been fully considered but they are

not persuasive.

     Applicant argues as follows (Page 5, 10 and 12):

     The cited references singularly or in combination are not concerned with the
applicant's claimed invention, in the sense that the cited references do not even
present the problem solved by the present invention.

     Examiner respectfully disagrees and submits that Wiese discloses the

combination of poles, while Jang's disclosure solves the problem of connecting the

poles in a known matter and Browning discloses the tool used for engaging a railroad

car comprising telescopic poles. Furthermore, Drake discloses a known way of affixing

illuminators to poles.  For these reasons, the examiner respectfully state that the

references cited solve the problems of the invention.

21.      Applicant's arguments with respect to claims 18 and 38 have been considered

but are moot because the arguments do not apply to any of the references being used

in the current rejection.

BIG STIK-000297

Application/Control Number: 12/589,856                                                    Page 19
Art Unit: 3652

22.    Applicant's arguments, see Page 2, Lines 1-4, filed 05/31/2012, with respect to

the drawings have been fully considered and are persuasive.  The objection of the

drawings has been withdrawn.

23.    Applicant's arguments, see Page 2, Lines 17-19, filed 05/31/2012, with respect to

claim 25 have been fully considered and are persuasive.  The objection of claim 25 has

been withdrawn.

### *Conclusion*

24.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

        a.      Lee (U.S. Patent 7,097,380) discloses a shaft including an upper and

        lower tubes connected by a positioning apparatus having a flat plate.

        b.      Webber et al. (U.S. Patent 6,347,777) discloses an adjustment apparatus

        comprising a lever.

25.    Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

Application/Control Number: 12/589,856                                    Page 20
Art Unit: 3652

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to GABRIELA PUIG whose telephone number is (571)270-

5880.  The examiner can normally be reached on Monday thru Thursday 7:00 to 4:30

and every other Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, SAUL RODRIGUEZ can be reached on (571)272-7097.  The fax phone

number for the organization where this application or proceeding is assigned is 571-

273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

BIG STIK-000299

Application/Control Number: 12/589,856                                    Page 21
Art Unit: 3652

/Saul J. Rodriguez/
Supervisory Patent Examiner, Art Unit 3652

/GABRIELA  PUIG/
Examiner, Art Unit 3652

BIG STIK-000300

05/31/2012 22:23 FAX  8132545400

RECEIVED
CENTRAL FAX CENTER
MAY 3 1 2012

☑015/052

# IN THE UNITED STATES PATENT OFFICE

IN RE APPLICATION:

| | |
|---|---|
| Title: | EXTENSION TOOL |
| Applicant(s): | Robert G. Lofley, Sr., et al. |

| | | | |
|---|---|---|---|
| Application No.: | 12/589,856 | Art Unit: | 3652 |
| Filing Date: | October 29, 2009 | Examiner: | Puig, Gabriela M. |
| Attorney File No. | 2009-0208 | Customer No | 72134 |

## AMENDMENT A

Commissioner for Patents
PO Box 1450
Alexandria, Virginia 22313-1450

Dear Sir:

     This paper is in response to the first Office Action issued by the United States Patent

Office. This response includes the following:

| | |
|---|---|
| ___ | Citation of Prior Art form (PTO/SB/08A without copies of cited prior art). |
| X | Annotated version of amended Abstract and/or amended Specification. |
| X | Replacement pages amended Abstract and/or amended Specification. |
| X | Annotated version of amended Drawings. |
| X | Sheets of Replacement drawings. |
| X | Amended claims. |
| X | Remarks. |
| X | Patent Application Fee Determination Record (PTO/SB/06). |
| X | Credit Card Payment Form (PTO/2038). |
| X | Request for Extension of Time. |
| X | Precautionary Request for Extension of Time. |

1

BIG STIK-000309

RECEIVED
CENTRAL FAX CENTER
**MAY 3 1 2012**

☑016/052

Application No. 12/589,856
Art Unit 3652

## REMARKS

A.    Restriction Requirement

The present application was subjected to a restriction requirement under 35 U.S.C. 121. Applicant hereby confirms the provisional election without traverse made by the attorney of record as set forth in the office action.  Applicant has canceled the claims directed to the non-elected invention without prejudice or disclaimer for prosecution in a divisional application.

B.    Outstanding Action

The claim was rejected under 35 U.S.C. 102(b) or 35 U.S.C. 103 as stated in the outstanding office action.

Claims 1-15, 20-24, 26-29, 31-33 and 37 have been withdrawn from consideration as being directed to a non-elected species.

Claims 16-19, 25, 30 and 34-36 were rejected under 35 U.S.C. 103 as stated in the outstanding office action.

C.    Status Of Claims

Claims 16-19, 25, 30 and 34-36 were pending in the application prior to the instant Amendment.

Claim 17 has been canceled without prejudice or disclaimer.

Claims 38 and 39 have been added.

Claims 16, 18, 19, 25, 30, 34-36, 38 and 39 are now pending.

1

BIG STIK-000310

05/31/2012 22:23 FAX  8132545400                                                      ☑017/052

Application No. 12/589,856
Art Unit 3652

D.    Amendments To The Specification

The specification has been amended in accordance with the enclosed marked up copy. The amendments to the specification have been made for the purpose of including the reference characters shown in the drawings and no new matter has been added to the application.

E.    Amendments To The Claims

The claim(s) has been amended in accordance with the enclosed marked up copy.

F.    Drawings

The drawings have been objected to as set forth in the office action. A copy of the drawings which have been corrected in red ink are being submitted herewith. The corrected drawings are believed to overcome the objections set forth in the outstanding office action. No new matter has been introduced (35 U.S.C. 132; 37 CFR 1.118). Formal drawings are being submitted herewith.

G.    Pending Claims

Claim Objection

Claim 25 was objected to due to a typographical error. Claim 25 has been amended to overcome the objection.

35 U.S.C. 103 Rejection

Independent claim 16 was rejected under 35 U.S.C. 103 as being an obvious advancement in the art over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view

2

BIG STIK-000311

Application No.  12/589,856
Art Unit  3652

of Browning (U.S. Patent 5,481,950).   Applicant has amended claim 16 to include claim 17.

Favorable reconsideration and allowance of the independent claim 16 is respectfully requested.

Applicant believes the extension tool for engaging a railroad car of claim 16 would not have

been obvious at the time the invention was made to a person having ordinary skill in the art and

thus claim 16 overcomes the previous rejection under 35 U.S.C. 103 as being unpatentable in view

of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of

Browning (U.S. Patent 5,481,950).  The MPEP §2144.03 provides:

> Official notice unsupported by documentary evidence should only be taken by the
> examiner where the facts asserted to be well-known, or to be common knowledge
> in the art are capable of instant and unquestionable demonstration as being well-
> known. As noted by the court in *In re Ahlert*, 424 F.2d 1088, 1091, 165 USPQ
> 418, 420 (CCPA 1970) Ordinarily, there must be some form of evidence in the
> record to support an assertion of common knowledge. See *Lee*, 277 F.3d at 1344-
> 45, 61 USPQ2d at 1434-35 (Fed. Cir. 2002); *Zurko*, 258 F.3d at 1386, 59
> USPQ2d at 1697 (holding that general conclusions concerning what is "basic
> knowledge" or "common sense" to one of ordinary skill in the art without specific
> factual findings and some concrete evidence in the record to support these
> findings will not support an obviousness rejection).If such notice is taken, the
> basis for such reasoning must be set forth explicitly. The examiner must provide
> specific factual findings predicated on sound technical and scientific reasoning to
> support his or her conclusion of common knowledge. See *Soli*, 317 F.2d at 946,
> 37 USPQ at 801; *Chevenard*, 139 F.2d at 713, 60 USPQ at 241.

U.S. Patent 4,918,896 to Wiese relates to a telescopic flagpole.  U.S. Patent 4,918,896 expressly

teaches at column 2, lines 23-29:

> FIG. 1, there is shown a telescopic flagpole according to the present
> invention shown installed for ordinary use.  The flagpole is comprised of plurality
> of the elongated cylindrical tubular telescoping segments including a bottom
> segment 10, at least one intermediate segment 11 and a top segment 12.

U.S. Patent 4,918,896 further expressly teaches at column 3, lines 17-33:

> Intermediate segment 11 is locked in place at its maximum extension when
> shoulder 28 engages stop ring 25. As best seen in FIG. 8, the locking means

3

BIG STIK-000312

05/31/2012 22:24 FAX  8132545400                                    ☒019/052

Application No. 12/589,856
Art Unit 3652

comprises an annular plug 31 fixedly secured within intermediate tube 11 as by means of screw 32, for example. A spring biased radial pin 33 is positioned in a horizontal circular cross section passage 34 within plug 31. Coil spring 35 within passage 34 urges pin 23 outwardly. Movement of pin 33 is limited by stop pin 36 extending downwardly from pin 33 and engaging radial slot 37 in plug 31 and in communication with passage 34. The outer end of locking pin 33 is rounded. It engages and extends through locking hole 38 in bottom segment 10. If pin 33 and hole 38 are not in alignment, the intermediate segment 11 is simply rotated manually until the pin and hole are in alignment and the pin snaps outwardly through the hole pushed by coil spring 35.

U.S. Patent Application 2006/0062632 to Jang relates to a release pin assembly for tents and

canopies.  U.S. Patent Application 2006/0062632 expressly teaches at paragraph [0016]:

A portable canopy or tent 10 is shown in FIG. 1. Such tents generally have a plurality of uprights 11 each comprised of telescoping poles 12, 13. Tent 10 may have a frame 14 covered by a canopy 15. Frame 14 may be comprised of expandable scissor-like members 16 and side panels 17, 18 may cover the uprights 11. Side rails 19 may be used between uprights 11 for further support.

U.S. Patent Application 2006/0062632 further expressly teaches at paragraph [0020]:

As can be understood by referring to FIGS. 2 to 5, release lever 25 rotates about pin 24 and can be pivoted from the position shown in FIG. 2 (where pin 24 extends into locking engagement with aligned holes 36, 37 hole 36 in outer pole 12 and hole 37 in inner pole 13), -see also FIG. 6- to the position shown in FIG. 4, where pin 24 is retracted from locking engagement in holes 36, 37 to the position shown in FIG. 5 (where pin 24 is again in locking position in holes 36, 37).

U.S. Patent Application 2006/0062632 further expressly teaches at paragraph [0024]:

When pin 24 is in the FIG. 4 position, poles 12, 13 are free to move relative to one another and the uprights 11 can be extended or collapsed, as desired. Pin 24 is moved by of course pivoting release lever 25 from the FIG. 4 to the FIG. 5 or to the FIG. 2 position whereby pin 24, under bias of spring 54, enters aligned holes 36, 37 and locks the poles 12, 13 in position. The pole 13 may have a plurality of holes, such as holes 37 in FIG. 2, so the poles can be locked in a variety of extended positions.

U.S. Patent 5,481,950 to Browning relates to a tool for use with railroad cars.  U.S. Patent

4

BIG STIK-000313

05/31/2012 22:24 FAX   8132545400                                                    ☑020/052

Application No. 12/589,856
Art Unit 3652

5,481,950 expressly teaches at column 3, lines 47-67 and column 4, lines 1-6:

> Referring now to the drawing wherein like reference characters designate corresponding parts throughout the several views, there is shown in FIG. 1 the tool of the invention which includes a handle indicated generally by numeral 10 and a rigid head indicated generally by numeral 12 attached to the upper end of the handle and extending laterally from the handle. The handle comprises three sections 14, 16 and 18 with section 18 telescopically received within section 16 and section 16 telescopically received within section 14. This handle is of conventional construction and the sections are formed of reinforced fiberglass to provide a lightweight, strong, durable and weather-resistant construction. The lower section 14 of the handle is preferably covered with a latex grip to provide a non-slip comfortable gripping surface.
>
> The sections of the handle may be adjusted with respect to one another and are locked in position by a camlock mechanism consisting of two semicircular members made of synthetic gripping material which are adapted to be spread apart and locked against the inner wall of the handle by a steel cam. This construction is wellknown and enables the length of the tool to be adjusted by rotating one section of the tool relative to the adjacent section of the tool in one direction to unlock the camlock mechanism whereupon the desired length adjustment may be made. The adjacent sections may then be rotated relative to one another in the opposite direction to lock the sections in position.

The cited references singularly or in combination, are not concerned with the applicant's claimed invention, in the sense that the cited references do not even present the problem solved by the present invention. There is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896), Jang (US 2006/0062632) or Browning (U.S. Patent 5,481,950) of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur to one skilled in the art to assemble this combination from a consideration of the referenced patents of record.

Applicant believes claim 16 would not have been obvious to one of ordinary skill in the art in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Browning (U.S. Patent 5,481,950). As such, it is respectfully submitted that independent claim

5

BIG STIK-000314

Application No.  12/589,856
Art Unit  3652

16 overcomes the rejection under 35 U.S.C. 103 as being unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Browning (U.S. Patent 5,481,950) and are now in condition for allowance.   Dependent claim 19 is dependent upon independent claim 16 and should be allowable upon allowance of independent claim 16.

Applicant has further added claims 38 and 39 to more particularly point out and distinctly claim the subject matter of the invention.   More specifically, claim 38 has been added to recite the pin lever having a pin plate and a handle plate coupled by an angled portion.   The pin plating includes a pin bore for receiving the pin.   The handle plate is substantially longer than the pin plate.  The angled portion and the substantially longer handle plate relative to the pin plate define a mechanical advantage tool.   The mechanical advantage tool applies a mechanical advantage force against the pin spring upon a force being applied to the handle plate.

Claim 39 has been added to recite a first pin column and a second pin column positioned on opposing sides of the pin lever.   A bridge member extends and is coupled to the first pin column and the second pin column.   The bridge member has a bridge bore for receiving said pin.

Applicant believes there is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896), Jang (US 2006/0062632) or Browning (U.S. Patent 5,481,950) of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur to one skilled in the art to assemble this combination from a consideration of the referenced patents of record.

Applicant believes claims 38 and 39 would not have been obvious to one of ordinary skill in the art in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Browning (U.S. Patent 5,481,950).  As such, it is respectfully submitted that dependent claims 38 and 39 are in condition for allowance.

6

BIG STIK-000315

05/31/2012 22:24 FAX   8132545400                                    ☑022/052

Application No.  12/589,856
Art Unit  3652

Dependent claim 18 was rejected under 35 U.S.C. 103 as being an obvious advancement in the art over Wiese (U.S. Patent 4,918,896), in view of Jang (US 2006/0062632), in view of Browning (U.S. Patent 5,481,950) and in view of Varge (U.S. Patent 6,213,672).   Favorable reconsideration and allowance of the dependent claim 18 is respectfully requested.

Applicant believes the extension tool for engaging a railroad car of claim 18 would not have been obvious at the time the invention was made to a person having ordinary skill in the art and thus claim 16 overcomes the previous rejection under 35 U.S.C. 103 as being unpatentable in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632), in view of Browning (U.S. Patent 5,481,950) and in view of Varge (U.S. Patent 6,213,672).

U.S. Patent 6,213,672 to Varge relates to a telescoping pole and cleaning tool.   U.S. Patent 6,213,672 expressly teaches at column 6, lines 37-47:

> Referring to FIG. 10, a view taken along line 10--10 of FIG. 7 illustrates the structure and operation of rotational stabilization which cannot be seen from FIG. 7. A guide button assembly includes a guide button 151 and its operating spring 153 which are also within tube 103, but located rearwardly along tube 101, closest to handle 105. Guide button 151 rides within the guide slot 135. When tube 103 is inserted within tube operation of a guide slot 131 and may exert some force against the inside of the guide slot 135, but since there is so little contact area and so little force along the axis of the button 151, this is negligible.

The cited references singularly or in combination, are not concerned with the applicant's claimed invention, in the sense that the cited references do not even present the problem solved by the present invention.   In the present invention, the guide groove is positioned within the second exterior surface of the second pole and the guide pin extends from the first pole and into the interior bore of the first pole.   There is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896), Jang (US 2006/0062632), Browning (U.S. Patent 5,481,950), or Varge (U.S. Patent 6,213,672).

7

BIG STIK-000316

Application No.  12/589,856
Art Unit 3652

of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur to one skilled in the art to assemble this combination from a consideration of the referenced patents of record.

Applicant believes claim 18 would not have been obvious to one of ordinary skill in the art in view of Wiese (U.S. Patent 4,918,896), in view of Jang (US 2006/0062632), in view of Browning (U.S. Patent 5,481,950) and in view of Varge (U.S. Patent 6,213,672). As such, it is respectfully submitted that independent claim 18 overcomes the rejection under 35 U.S.C. 103 as being unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632), in view of Browning (U.S. Patent 5,481,950) and in view of Varge (U.S. Patent 6,213,672) and are now in condition for allowance.

Applicant has further added claims 38 and 39 to more particularly point out and distinctly claim the subject matter of the invention. More specifically, claim 38 has been added to recite the pin lever having a pin plate and a handle plate coupled by an angled portion. The pin plating includes a pin bore for receiving the pin. The handle plate is substantially longer than the pin plate. The angled portion and the substantially longer handle plate relative to the pin plate define a mechanical advantage tool. The mechanical advantage tool applies a mechanical advantage force against the pin spring upon a force being applied to the handle plate.

Claim 39 has been added to recite a first pin column and a second pin column positioned on opposing sides of the pin lever. A bridge member extends and is coupled to the first pin column and the second pin column. The bridge member has a bridge bore for receiving said pin.

Applicant believes there is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896), Jang (US 2006/0062632) or Browning (U.S. Patent 5,481,950) of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur

8

BIG STIK-000317

Application No. 12/589,856
Art Unit 3652

to one skilled in the art to assemble this combination from a consideration of the referenced patents
of record.

Applicant believes claims 38 and 39 would not have been obvious to one of ordinary skill in
the art in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in
view of Browning (U.S. Patent 5,481,950).  As such, it is respectfully submitted that dependent
claims 38 and 39 are in condition for allowance.

Independent claim 25 was rejected under 35 U.S.C. 103 as being an obvious advancement in
the art over Wiese (U.S. Patent 4,918,896) and in view of Jang (US 2006/0062632).  Favorable
reconsideration and allowance of the independent claim 16 is respectfully requested.

Applicant believes the extension tool for engaging a railroad car of claim 25 would not have
been obvious at the time the invention was made to a person having ordinary skill in the art and
thus claim 25 overcomes the previous rejection under 35 U.S.C. 103 as being unpatentable in view
of Wiese (U.S. Patent 4,918,896) and in view of Jang (US 2006/0062632) and further in view of
Browning (U.S. Patent 5,481,950).  The MPEP §2144.03 provides:

> Official notice unsupported by documentary evidence should only be taken by the
> examiner where the facts asserted to be well-known, or to be common knowledge
> in the art are capable of instant and unquestionable demonstration as being well-
> known. As noted by the court in *In re Ahlert*, 424 F.2d 1088, 1091, 165 USPQ
> 418, 420 (CCPA 1970) Ordinarily, there must be some form of evidence in the
> record to support an assertion of common knowledge. See *Lee*, 277 F.3d at 1344-
> 45, 61 USPQ2d at 1434-35 (Fed. Cir. 2002); *Zurko*, 258 F.3d at 1386, 59
> USPQ2d at 1697 (holding that general conclusions concerning what is "basic
> knowledge" or "common sense" to one of ordinary skill in the art without specific
> factual findings and some concrete evidence in the record to support these
> findings will not support an obviousness rejection).If such notice is taken, the
> basis for such reasoning must be set forth explicitly. The examiner must provide
> specific factual findings predicated on sound technical and scientific reasoning to
> support his or her conclusion of common knowledge. See *Soli*, 317 F.2d at 946,
> 37 USPQ at 801; *Chevenard*, 139 F.2d at 713, 60 USPQ at 241.

BIG STIK-000318

05/31/2012 22:25 FAX  8132545400                                                    ☒025/052

Application No. 12/589,856
Art Unit 3652

As mentioned above U.S. Patent 4,918,896 to Wiese relates to a telescopic flagpole, U.S. Patent Application 2006/0062632 to Jang relates to a release pin assembly for tents and canopies, and U.S. Patent 5,481,950 to Browning relates to a tool for use with railroad cars.

The cited references singularly or in combination, are not concerned with the applicant's claimed invention, in the sense that the cited references do not even present the problem solved by the present invention. There is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896) or Jang (US 2006/0062632) of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur to one skilled in the art to assemble this combination from a consideration of the referenced patents of record.

Applicant believes claim 25 would not have been obvious to one of ordinary skill in the art in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632). As such, it is respectfully submitted that independent claim 25 overcomes the rejection under 35 U.S.C. 103 as being unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and is now in condition for allowance. Dependent claim 30 is dependent upon independent claim 25 and should be allowable upon allowance of independent claim 25.

Independent claim 34 was rejected under 35 U.S.C. 103 as being an obvious advancement in the art over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Drake (U.S. Patent 6,682,209). Favorable reconsideration and allowance of the independent claim 34 is respectfully requested.

Applicant believes the extension tool with illuminator of claim 34 would not have been obvious at the time the invention was made to a person having ordinary skill in the art and thus claim 34 overcomes the previous rejection under 35 U.S.C. 103 as being unpatentable in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Drake

10

BIG STIK-000319

Application No. 12/589,856
Art Unit 3652

(U.S. Patent 6,682,209). The MPEP §2144.03 provides:

> Official notice unsupported by documentary evidence should only be taken by the examiner where the facts asserted to be well-known, or to be common knowledge in the art are capable of instant and unquestionable demonstration as being well-known. As noted by the court in *In re Ahlert*, 424 F.2d 1088, 1091, 165 USPQ 418, 420 (CCPA 1970) Ordinarily, there must be some form of evidence in the record to support an assertion of common knowledge. See *Lee*, 277 F.3d at 1344-45, 61 USPQ2d at 1434-35 (Fed. Cir. 2002); *Zurko*, 258 F.3d at 1386, 59 USPQ2d at 1697 (holding that general conclusions concerning what is "basic knowledge" or "common sense" to one of ordinary skill in the art without specific factual findings and some concrete evidence in the record to support these findings will not support an obviousness rejection).If such notice is taken, the basis for such reasoning must be set forth explicitly. The examiner must provide specific factual findings predicated on sound technical and scientific reasoning to support his or her conclusion of common knowledge. See Soli, 317 F.2d at 946, 37 USPQ at 801; Chevenard, 139 F.2d at 713, 60 USPQ at 241.

As mentioned above U.S. Patent 4,918,896 to Wiese relates to a telescopic flagpole and U.S. Patent Application 2006/0062632 to Jang relates to a release pin assembly for tents and canopies. 6,682,209 to Drake relates to a worklight having an extendable support or telescopic pole. U.S. Patent 6,682,209 to Drake expressly teaches at column 2, lines 24-37 and lines 59-61:

> The reference is now made primarily to all of the figures shown, where worklight 100 is shown having a stand or case 10, and light fixtures 51 and 52. Each fixture may include a multi-position fixture lock or clamp 45 and 53 and fixed handles 81 and 82 for angular adjustment of the heads 91 and 93. However, it is contemplated that other lighting fixture designs could be used with the present invention as well as accessories such as fans, junction boxes, clamps and the like. FIG. 3 shows lighting fixtures 51 and 52 clamped directly to an expandable or extendable support such as a vertical pole 102. It is anticipated that other mounting means known to those of skill in the art may also be used to attach the light fixtures and any other accessories or objects to the pole.
>
> In a preferred embodiment, lighting fixtures 51 and 52 may be removed from stand or case 10, by unlatching locks or clamps 45 and 53 from pole 40 of door 11. As illustrated in FIG. 8 and described in more detail below, this can be accomplished by pulling on lever 75 which causes lever 75 to rotate about pivot point 78 which causes pivot point 79 to rotate about pivot point 78 in a clockwise motion relieving pressure on spring 76 until a hook located on the end of spring 76 is disengaged from pin 77. Spring 76 is rotated in a counterclockwise motion

11

BIG STIK-000320

05/31/2012 22:26 FAX  8132545400                                    ☑027/052

Application No.  12/589,856
Art Unit  3652

about pivot point 80 until fully clear of tube 40 on door 11.

The cited references singularly or in combination, are not concerned with the applicant's claimed invention, in the sense that the cited references do not even present the problem solved by the present invention. There is no teaching or suggestion in either Wiese (U.S. Patent 4,918,896), Jang (US 2006/0062632) or Drake (U.S. Patent 6,682,209) of using any such sections in combination. Accordingly, it is respectfully submitted that it would not reasonably occur to one skilled in the art to assemble this combination from a consideration of the referenced patents of record.

Applicant believes claim 34 would not have been obvious to one of ordinary skill in the art in view of Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Drake (U.S. Patent 6,682,209). As such, it is respectfully submitted that independent claim 34 overcomes the rejection under 35 U.S.C. 103 as being unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632) and further in view of Drake (U.S. Patent 6,682,209) and are now in condition for allowance. Dependent claims 35 and 36 are dependent upon independent claim 34 and should be allowable upon allowance of independent claim 34.

H.    Request For Extension of Time

Enclosed is a Request for Extension of Time to respond to the outstanding office action. Please charge Deposit Account No. 06-2120 for the fees for the Extension of Time.

I.    Precautionary Request for an Extension of Time

In the event the present filing is not timely filed, applicant request an Extension of Time for

12

BIG STIK-000321

RECEIVED
CENTRAL FAX CENTER
MAY 31 2012

☑028/052

Application No. 12/589,856
Art Unit 3652

an appropriate period of time.  Please charge Deposit Account No. 06-2120 for the fees for any

Extension of Time.

J.      Additional Fees

Please charge Deposit Account No. 06-2120 for the fees for any additional claims, an

Extension of Time, Citation of Prior Art, Petitions, Terminal Disclaimers or any other fee arising

out of this correspondence.

Applicant verily believes that all claims are now in condition for allowance and favorable

action is respectfully requested.  The undersigned attorney of record cordially invites any telephonic

communications from the examiner that may assist the examiner in the examination and to expedite

the allowance and issuance of Letters Patent on the subject invention.

Respectfully submitted,

FRIJOUF, RUST & PYLE, P.A.

David A. Frijouf, Reg. No. 50,422
201 East Davis Blvd Boulevard
Tampa, Florida  33606
813.254.5100   phone
813.254.5400   facsimile
frijouf@frijouf.com   email
Attorneys for Applicant

13

BIG STIK-000322

05/31/2012 22:26 FAX   8132545400                                                                ☑029/052

Application No.  12/589,856
Art Unit  3652

### Deposit Account

Please charge our account any deficiency in fees or credit any over payment arising out of this correspondence to Deposit Account No. 06-2120.

_W 31. 2/_

_____

14

BIG STIK-000323

☑030/052

Application No. 12/589,856
Art Unit 3652

<u>In the Claims</u>

1.      (Withdrawn)   An extension tool, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole

extending between a first end and a second end;

a second pole defining a second exterior surface with said second pole extending between

a first end and a second end;

a first bushing defining an internal bore and an exterior surface;

a second bushing defining an internal bore and an exterior surface;

said second pole being partially disposed in said first pole with said internal bore of said

first bushing slidably engaging with said exterior surface of said second pole and

with said exterior surface of said second bushing slidably engaging with said

internal bore of said first pole for enabling said second pole to be slidably

displaced relative to said first pole;

a plurality of apertures defined in said second pole;

a pin mounted to said first pole for movement between a retracted position and a

protruded position;

a spring for biasing said pin into said protruded position for extending into a selected one

of said plurality of apertures of said second pole for fixing the position of said

second pole relative to said first pole;

a pin lever for moving said pin into said retracted position for permitting displacement of

said first pole relative to said second pole; and

an upper telescoping stop comprising said first bushing cooperating with said second

15

BIG STIK-000324

Application No. 12/589,856
Art Unit 3652

bushing to limit an outward movement of said second pole relative to said first

pole upon engagement of said first bushing with said second bushing.

2.     (Withdrawn)   An extension tool as set forth in claim 1, including a mounting secured to

said second end of said second pole for mounting a device thereon.

3.     (Withdrawn)   An extension tool as set forth in claim 1, including a mounting secured to

said second end of said second pole for mounting a tool device thereon.

4.     (Withdrawn)   An extension tool as set forth in claim 1, including a mounting secured to

said second end of said second pole for mounting a sensor device thereon.

5.     (Withdrawn)   An extension tool as set forth in claim 1, including a mounting secured to

said second end of said second pole for mounting a support device thereon.

6.     (Withdrawn)   An extension tool for extending a device for an operator, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole

extending between a first end and a second end;

a handle defined in proximity to said first end of said first pole;

a second pole defining a second exterior surface with said second pole extending between

a first end and a second end;

a mounting secured to said second end of said second pole for mounting the device

thereon;

16

BIG STIK-000325

05/31/2012 22:26 FAX   8132545400                                    ☑032/052

Application No.  12/589,856
Art Unit  3652

> a first bushing defining an internal bore and an exterior surface and secured within said internal bore of said first pole;
>
> a second bushing defining an internal bore and an exterior surface and secured to said exterior surface of said second pole;
>
> said second pole partially disposed in said first pole with said internal bore of said first bushing slidably engaging with said exterior surface of said second pole and with said exterior surface of said second bushing slidably engaging with said internal bore of said first pole for enabling said second pole to be slidably displaced relative to said first pole;
>
> a plurality of apertures defined in said second pole;
>
> a collar secured to said second end of said first pole having a pin aperture;
>
> a pin slidably engaging within said collar between a retracted position and a protruded position;
>
> a spring for biasing said pin into said protruded position for extending into a selected one of said plurality of apertures of said second pole for fixing the position of said second pole relative to said first pole;
>
> a pin lever mounted to said collar for moving said pin into said retracted position for permitting displacement of said first pole relative to said second pole; and
>
> an upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing.

7.      (Withdrawn)  An extension tool as set forth in claim 6, wherein the device is a tool for

17

BIG STIK-000326

Application No.  12/589,856
Art Unit  3652

rotating a brake wheel on a railroad car.

8.       (Withdrawn)   An extension tool as set forth in claim 6, wherein the device is a tool for

performing a tool function.

9.       (Withdrawn)   An extension tool as set forth in claim 6, wherein the device is a sensor

device.

10.      (Withdrawn)   An extension tool as set forth in claim 6, wherein said handle includes a

knurled portion of said first exterior surface.

11.      (Withdrawn)   An extension tool as set forth in claim 6, wherein said first and second

poles are formed of a metallic material; and

said first and second bushing are formed of a polymeric material for creating a metallic to

polymeric sliding engagement between said first and second poles.

12.      (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said

first pole includes a counterbore for receiving said first bushing.

13.      (Withdrawn)   An extension tool as set forth in claim 6, wherein said interior bore of said

first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-

section with a chord defining a flatten portion of said substantially circular cross-

18

BIG STIK-000327

05/31/2012 22:27 FAX  8132545400                                    ☒034/052

Application No. 12/589,856
Art Unit 3652

section; and

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second pole relative to said first pole.

14.   (Withdrawn)  An extension tool as set forth in claim 6, wherein said interior bore of said first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-section with a chord defining a flatten portion of said substantially circular cross-section;

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second pole relative to said first pole; and

said anti-rotation insert extending from said collar into said interior bore for defining a collar lock for securing said collar to said first pole.

15.   (Withdrawn)  An extension tool as set forth in claim 6, wherein said interior bore of said first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-section with a chord defining a flatten portion of said substantially circular cross-section;

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second

19

BIG STIK-000328

035/052

Application No. 12/589,856
Art Unit 3652

pole relative to said first pole; and

said anti-rotation insert extending from said collar into said interior bore for defining a

bushing lock for securing said first bushing to said first pole.


16.     (Currently amended)  An extension tool for engaging a railroad car, the railroad car

including a front side, a rear side, a left side and a right side, the front side and the rear side

including a knuckle coupler for linking with a second railroad car, the front side and the rear

side also including a wheel brake for engaging a railroad brake, the extension tool,

comprising:

a first pole defining an interior bore, a first exterior surface and extending between a first

end and a second end;

a second pole defining a second exterior surface and extending between a first end and a

second end;

said first end of said second pole positioned within said second end of said first pole for

positioning said second pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded

position;

said pin lever released for positioning said pin into said protruded position and inserting

said pin into said plurality of apertures of said second pole for terminating

displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing

20

BIG STIK-000329

Application No.  12/589,856
Art Unit  3652

said pin from said plurality of apertures of said second pole for permitting

displacement of said first pole relative to said second pole; ~~and~~

said pin lever includes a spring for biasing said pin into said protruded position; and

a claw securing to said second end of said second pole for engaging either the knuckle

coupler or the wheel brake of the railroad car.

17.   (Cancelled)   An extension tool for engaging a railroad car as set forth in claim 16,

wherein said pin lever includes a spring for biasing said pin into said protruded position.

18.   (Original)     An extension tool for engaging a railroad car as set forth in claim 16,

wherein said first pole includes a guide pin extending within said internal bore of said first

pole;

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole

relative to said first pole during said pin in said retracted position.

19.   (Original)     An extension tool for engaging a railroad car as set forth in claim 16,

wherein said first pole include a stop pin traversing said internal bore of said first pole for

engaging said first end of said second pole.

20.   (Withdrawn)  An extension tool for engaging a railroad car, the railroad car including a

plurality of wheels for rotatably engaging along a rail system, the plurality of wheels

supporting a container, a brake engaging the plurality of wheels for terminating rotation of

21

BIG STIK-000330

Application No.  12/589,856
Art Unit 3652

the plurality of wheels, a wheel brake rotatably coupling to the railroad car, a brake linkage

coupling the wheel brake with the brake, the brake compressing or expanding relative to the

plurality of wheels upon rotating the wheel brake, the extension tool comprising:

a first pole defining an internal bore, an exterior surface and extending between a first end

   and a second end;

a second pole defining a second exterior surface and extending between a first end and a

   second end;

a first bushing defining an internal bore, an exterior surface and extending between a first

   end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first

   end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said second pole slidably engaging within said internal bore of said first bushing for

   telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

   telescoping said second pole relative to said first pole;

said second pole having a plurality of apertures extending between said second exterior

   surface to said second internal bore;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded

   position;

said pin lever released for positioning said pin into said protruded position and inserting

22

BIG STIK-000331

Application No.  12/589,856
Art Unit  3652

    said pin into said plurality of apertures of said second pole for terminating displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing said pin from said plurality of apertures of said second pole for permitting displacement of said first pole relative to said second pole; and

a claw securing to said second end of said second pole for engaging the wheel brake of the railroad car.

21.    (Withdrawn)  An extension tool for engaging a railroad car as set forth in claim 20, wherein said first end of said first bushing and said second end of said second bushing contacting for defining an upper telescoping stop.

22.    (Withdrawn)  An extension tool for engaging a railroad car as set forth in claim 20, wherein said pin lever includes a spring for biasing said pin into said protruded position.

23.    (Withdrawn)  An extension tool for engaging a railroad car as set forth in claim 20, wherein said first pole includes a guide pin extending within said internal bore of said first pole;

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole relative to said first pole during said pin in said retracted position.

23

BIG STIK-000332

05/31/2012 22:28 FAX  8132545400                                          ☒039/052

Application No.  12/589,856
Art Unit 3652

24.     (Withdrawn)  An extension tool for engaging a railroad car as set forth in claim 20,
        wherein said first pole include a stop pin traversing said internal bore of said first pole for
        engaging said first end of said second pole.


25.     (Currently amended)  An extension tool, comprising:

        a first pole defining an interior bore and a first exterior surface with said first pole
                extending between a first end and a second end;

        a second pole defining a second exterior surface with said second pole extending between
                a first end and a second end;

        a third pole defining an interior bore and a third exterior surface with said third pole
                extending between a first end and a second end;

        said first end of said second pole positioned within said second end of said first pole for
                positioning said second pole into said internal bore of said first pole;

        said first end of said first pole positioned within said second end of said third pole for
                positioning said first pole into said internal bore of said third pole;

        said second pole having a plurality of apertures defined in said second pole;

        a first pin fastener removably mounted relative to the said first pole for inserting into said
                plurality of apertures of said second pole for terminating displacement of said first
                pole relative to said second pole;

        said first pole having a plurality of apertures defined in said first pole;

        a second pin lever pivotably mounted relative to said exterior surface of said third pole;

        a second pin slidably engaging within said second pin lever between a retracted position and
                a protruded position;

                                              24

BIG STIK-000333

Application No. 12/589,856
Art Unit 3652

>     said second pin lever released for positioning said second pin into said protruded position
>
>>     and inserting said second pin into said plurality of apertures of said first pole for
>>
>>     terminating displacement of said third pole relative to said first pole; <u>and</u>
>
>     said second pin lever depressed for positioning said second pin into said retracted position
>
>>     and removing said second pin from said plurality of apertures of said first pole for
>>
>>     permitting displacement of said third pole relative to said first pole[[;]]<u>.</u>

26.     (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

end;

>     a second bushing defining an internal bore, an exterior surface and extending between a first
>
>>     end and a second end;
>
>     a third bushing defining an internal bore, an exterior surface and extending between a first
>
>>     end and a second end;
>
>     a fourth bushing defining an internal bore, an exterior surface and extending between a first
>
>>     end and a second end;
>
>     said first bushing securing within said internal bore of said first pole;
>
>     said second bushing securing over said exterior surface of said second pole;
>
>     said third bushing securing within said internal bore of said third pole;
>
>     said fourth bushing securing over said exterior surface of said first pole;
>
>     said second pole slidably engaging within said internal bore of said first bushing for
>
>>     telescoping said second pole relative to said first pole;
>
>     said second bushing slidably engaging within said internal bore of said first pole for

25

BIG STIK-000334

Application No. 12/589,856
Art Unit 3652

        telescoping said second pole relative to said first pole;

    said first pole slidably engaging within said internal bore of said third bushing for

        telescoping said third pole relative to said first pole; and

    said fourth bushing slidably engaging within said internal bore of said third pole for

        telescoping said third pole relative to said first pole.


27.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing

defining an internal bore, an exterior surface and extending between a first end and a second

end;

    a second bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

    a third bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

    a fourth bushing defining an internal bore, an exterior surface and extending between a first

        end and a second end;

    said first bushing securing within said internal bore of said first pole;

    said second bushing securing over said exterior surface of said second pole;

    said third bushing securing within said internal bore of said third pole;

    said fourth bushing securing over said exterior surface of said first pole;

    said second pole slidably engaging within said internal bore of said first bushing for

        telescoping said second pole relative to said first pole;

    said second bushing slidably engaging within said internal bore of said first pole for

        telescoping said second pole relative to said first pole;

26

BIG STIK-000335

05/31/2012 22:28 FAX  8132545400                                                    ☒042/052

Application No. 12/589,856
Art Unit 3652

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole.

an first upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing;

a second upper telescoping stop comprising said third bushing cooperating with said fourth bushing to limit an outward movement of said first pole relative to said third pole upon engagement of said third bushing with said fourth bushing.

28.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

27

BIG STIK-000336

05/31/2012 22:28 FAX  8132545400                                                ☑043/052

Application No. 12/589,856
Art Unit 3652

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole;

said first, second and third poles are formed of a metallic material; and

said first, second, third and fourth bushing are formed of a polymeric material for creating a metallic to polymeric sliding engagement between the said first and second poles and the third and first poles.


29.    (Withdrawn)   An extension tool as set forth in claim 25, further including a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

28

BIG STIK-000337

Application No. 12/589,856
Art Unit 3652

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole;

said interior bore of said first pole includes a first counterbore for receiving said first bushing; and

said interior bore of said third pole includes a second counterbore fore receiving said third bushing.

30.   (Original)      An extension tool as set forth in claim 25, further including a first collar secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a protruded position;

a first spring for biasing said first pin into said protruded position for extending into a selected one of said plurality of apertures of said second pole for fixing the

29

BIG STIK-000338

05/31/2012 22:29 FAX  8132545400                                    ☒045/052

Application No. 12/589,856
Art Unit 3652

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the position

of said first pole relative to said third pole; and

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole.


31.    (Withdrawn)  An extension tool as set forth in claim 25, further including a first collar

secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a

protruded position;

a first spring for biasing said first pin into said protruded position for extending into a

selected one of said plurality of apertures of said second pole for fixing the

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

30

BIG STIK-000339

05/31/2012 22:29 FAX   8132545400                                                    ☑046/052

Application No.  12/589,856
Art Unit  3652

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the position

of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with

a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said

first pole and positioning adjacent to said first chord for inhibiting rotation

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a

second chord defining a flatten portion of said substantially circular cross-section;

and

a second anti-rotation insert extending from said second collar into said interior bore of

said third pole and positioning adjacent to said second chord for inhibiting

rotation between said first pole relative to said third pole.


32.    (Withdrawn)  An extension tool as set forth in claim 25, further including a first collar

31

BIG STIK-000340

Application No.  12/589,856
Art Unit  3652

secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a
protruded position;

a first spring for biasing said first pin into said protruded position for extending into a
selected one of said plurality of apertures of said second pole for fixing the
position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted
position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position
and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into
a selected one of said plurality of apertures of said first pole for fixing the position
of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said
retracted position for permitting displacement of said third pole relative to said
first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with
a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said
first pole and positioning adjacent to said first chord for inhibiting rotation
between said second pole relative to said first pole;

32

BIG STIK-000341

Application No. 12/589,856
Art Unit 3652

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a
second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of
said third pole and positioning adjacent to said second chord for inhibiting
rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said
first pole for defining a first collar lock for securing said first collar to said first
pole; and

said second anti-rotation insert extending from said second collar into said interior bore
of said third pole for defining a second collar lock for securing said second collar
to said third pole.

33.    (Withdrawn)  An extension tool as set forth in claim 25, further including a first collar
secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a
protruded position;

a first spring for biasing said first pin into said protruded position for extending into a
selected one of said plurality of apertures of said second pole for fixing the
position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted
position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

33

BIG STIK-000342

Application No.  12/589,856
Art Unit  3652

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the position

of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with

a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said

first pole and positioning adjacent to said first chord for inhibiting rotation

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a

second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of

said third pole and positioning adjacent to said second chord for inhibiting

rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said

first pole for defining a first bushing lock for securing said first bushing to said

first pole; and

34

BIG STIK-000343

Application No.  12/589,856
Art Unit  3652

said second anti-rotation insert extending from said second collar into said interior bore

of said third pole for defining a second bushing lock for securing said third

bushing to said third pole.


34.    (Original)        An extension tool, comprising:

a first pole defining an interior bore with said first pole extending between a first end and

a second end;

a second pole extending between a first end and a second end;

said first end of said second pole located within said first pole for positioning said second

pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever moving a pin between a retracted position and a protruded position;

said pin lever released for positioning said pin into said protruded position for inserting

said pin  into one of said plurality of apertures of said second pole for inhibiting

displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position for removing

said pin from said plurality of apertures of said second pole for permitting

displacement of said first pole relative to said second pole; and      .

an illuminator affixed to one of said first and second poles for illuminating in proximity

to said second pole.


35.    (Original)        An extension tool as set forth in claim 34, including a clamp for securing

said illuminator to one of said first and second poles.

35

BIG STIK-000344

05/31/2012 22:30 FAX  8132545400                                              ☒051/052

Application No. 12/589,856
Art Unit 3652

36.    (Original)      An extension tool as set forth in claim 34, including a holder for securing

said illuminator to one of said first and second poles.


37.    (Withdrawn)  An extension tool as set forth in claim 34, including a first bushing

defining an internal bore and an exterior surface;

a second bushing defining an internal bore and an exterior surface;

said internal bore of said first bushing slidably engaging with said exterior surface of said

        second pole and with said exterior surface of said second bushing slidably

        engaging with said internal bore of said first pole for enabling said second pole to

        be slidably displaced relative to said first pole; and

an upper telescoping stop comprising said first bushing cooperating with said second

        bushing to limit an outward movement of said second pole relative to said first

        pole upon engagement of said first bushing with said second bushing.


38.    (New) An extension tool for engaging a railroad car as set forth in claim 16, wherein said

pin lever includes a pin plate and a handle plate coupled by an angled portion;

said pin plating includes a pin bore for receiving said pin;

said handle plate is substantially longer than said pin plate;

said angled portion and said substantially longer handle plate relative to said pin plate

        defining a mechanical advantage tool; and

said mechanical advantage tool applying a mechanical advantage force against said pin

        spring upon a force being applied to said handle plate.

36

BIG STIK-000345

05/31/2012 22:30 FAX  8132545400                                          ☑052/052

Application No.  12/589,856
Art Unit  3652

39.     (New) An extension tool for engaging a railroad car as set forth in claim 16, further

including a first pin column and a second pin column positioned on opposing sides of the

pin lever;

    a bridge member extending and coupled to said first pin column and said second pin

        column; and

said bridge member having a bridge bore for receiving said pin.

37

BIG STIK-000346



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/589,856 | 10/29/2009 | Robert G. Lofley SR. | 2009-0208 | 4826 |

72134          7590          01/31/2012
FRIJOUF , RUST & PYLE , P.A.
201 EAST DAVIS BOULEVARD
TAMPA, FL 33606

| EXAMINER |
|---|
| PUIG, GABRIELA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/31/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

BIG STIK-000362

| | **Application No.** | **Applicant(s)** |
|---|---|---|
| **Office Action Summary** | 12/589,856 | LOFLEY ET AL. |
| | **Examiner** | **Art Unit** | |
| | GABRIELA PUIG | 3652 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>29 October 2009</u>.

2a) ☐ This action is **FINAL.**    2b) ☒ This action is non-final.

3) ☒ An election was made by the applicant in response to a restriction requirement set forth during the interview on <u>06 January 2012</u>; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>16-19,25,30 and 34-36</u> is/are pending in the application.

    5a) Of the above claim(s) <u>1-15,20-24,26-29,31-33 and 37</u> is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☒ Claim(s) <u>16-19,25,30 and 34-36</u> is/are rejected.

8) ☐ Claim(s) _____ is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

10) ☒ The specification is objected to by the Examiner.

11) ☒ The drawing(s) filed on <u>29 October 2009</u> is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

### Attachment(s)

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date <u>03/15/2010</u>.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____.

Application/Control Number: 12/589,856                                  Page 2
Art Unit: 3652

# DETAILED ACTION

## *Election/Restrictions*

1.      This application contains claims directed to the following patentably distinct

species:

  I.        Figures 1-15; directed to an extension tool for engaging a railroad car

  II.       Figures 16-23 and 25-28; directed to an extension tool including an anti-

  rotation insert.

  III.      Figures 24 and 24A; directed to an extension tool including a pin fastener.

2.       The species are independent or distinct because the claims to the different

species recite the mutually exclusive characteristics of such species. In addition, these

species are not obvious variants of each other based on the current record.

        Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or

a single grouping of patentably indistinct species, for prosecution on the merits to which

the claims shall be restricted if no generic claim is finally held to be allowable. Currently,

none of the claims appear to be generic.

        There is a search and/or examination burden for the patentably distinct species

as set forth above because at least the following reason(s) apply:

  • *the species or groupings of patentably indistinct species have acquired a*

    *separate status in the art in view of their different classification.*

BIG STIK-000364

Application/Control Number: 12/589,856                                           Page 3
Art Unit: 3652

- *the species or groupings of patentably indistinct species have acquired a separate status in the art due to their recognized divergent subject matter.*

- *the species or groupings of patentably indistinct species require a different field of search (e.g., searching different classes/subclasses or electronic resources, or employing different search strategies or search queries).*

**Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an election of a species or a grouping of patentably indistinct species to be examined** even though the requirement <u>may</u> be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected species or grouping of patentably indistinct species**, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

The election may be made with or without traverse. To preserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the election of species requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably indistinct species from which election is required, are not patentably distinct,

BIG STIK-000365

Application/Control Number: 12/589,856                                           Page 4
Art Unit: 3652

applicant should submit evidence or identify such evidence now of record showing them

to be obvious variants or clearly admit on the record that this is the case. In either

instance, if the examiner finds one of the species unpatentable over the prior art, the

evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other

species.

Upon the allowance of a generic claim, applicant will be entitled to consideration

of claims to additional species which depend from or otherwise require all the limitations

of an allowable generic claim as provided by 37 CFR 1.141.

3.      During a telephone conversation with, the attorney of case, David Frijouf on

01/06/2012 a provisional election was made without traverse to prosecute the invention

of Species I, claims 16-19, 25, 30 and 34-36.  Affirmation of this election must be made

by applicant in replying to this Office action.  Claims 1-15, 20-24, 26-29, 31-33 and 37

are withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being

drawn to a non-elected invention.

4.      Applicant is reminded that upon the cancellation of claims to a non-elected

invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one

or more of the currently named inventors is no longer an inventor of at least one claim

remaining in the application. Any amendment of inventorship must be accompanied by

a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

Application/Control Number: 12/589,856                                      Page 5
Art Unit: 3652

### *Drawings*

5.      The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5)

because they include the following reference character(s) not mentioned in the

description: "5" (Figures 4 and 15); "180A" (Figures 22-26 and 28).   Corrected drawing

sheets in compliance with 37 CFR 1.121(d), or amendment to the specification to add

the reference character(s) in the description in compliance with 37 CFR 1.121(b) are

required in reply to the Office action to avoid abandonment of the application. Any

amended replacement drawing sheet should include all of the figures appearing on the

immediate prior version of the sheet, even if only one figure is being amended. Each

drawing sheet submitted after the filing date of an application must be labeled in the top

margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If

the changes are not accepted by the examiner, the applicant will be notified and

informed of any required corrective action in the next Office action. The objection to the

drawings will not be held in abeyance.

6.      The above mentioned is just an example of a discrepancy in the drawings.  The

applicant is required to fully review the drawings and make the appropriate corrections

in order to comply with the requirements.

### *Specification*

7.      The lengthy specification has not been checked to the extent necessary to

determine the presence of all possible minor errors.  Applicant's cooperation is

Application/Control Number: 12/589,856                                      Page 6
Art Unit: 3652

requested in correcting any errors of which applicant may become aware in the

specification.

## *Claim Objections*

8.      Claim 25 is objected to because of the following informalities:  typographical

error, claim ends in ;.  For purposes of examinations, the claim will be assumed to end

in a period.  Appropriate correction is required.

## *Claim Rejections - 35 USC § 103*

9.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

**10.    Claims 16, 17 and 19 are rejected under 35 U.S.C. 103(a) as being**

**unpatentable over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632**

**A1) and further in view of Browning (U.S. Patent 5,481,950).**

11.     Regarding claim 16.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12) comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore, a first exterior surface and extending between a first

end and a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") defining a second exterior surface and extending between a first end and a

Application/Control Number: 12/589,856                                              Page 7
Art Unit: 3652

second end (Figure 6); said first end of said second pole positioned within said second

end of said first pole for positioning said second pole into said internal bore of said first

pole (Figure 6); said first pole having an aperture (45; Figures 1 and 6; "hole"; Figure 6).

Wiese does not specifically disclose the extension tool, comprising: said second pole

having a plurality of apertures defined in said second pole; a pin lever pivotably

mounted relative to said exterior surface of said first pole; a pin slid ably engaging within

said pin lever between a retracted position and a protruded position; said pin lever

released for positioning said pin into said protruded position and inserting said pin into

said plurality of apertures of said second pole for terminating displacement of said first

pole relative to said second pole; and said pin lever depressed for positioning said pin

into said retracted position and removing said pin from said plurality of apertures of said

second pole for permitting displacement of said first pole relative to said second pole.

Jang discloses an extension tool, comprising: said second pole (13, Figures 1, 2 and 6;

"locking pole") having a plurality of apertures (37, Figures 2 and 6; "aligned holes")

defined in said second pole (Figure 2); a pin lever (25, Figures 2-6; "release lever")

pivotably mounted relative to said exterior surface of said first pole (12, Figures 1, 2, 4

and 6; "locking pole"; Figure 6); a pin (24, Figures 2, 3, 6 and 7) slidably engaging within

said pin lever between a retracted position and a protruded position (Figures 6); said pin

lever released for positioning said pin into said protruded position and inserting said pin

into said plurality of apertures of said second pole for terminating displacement of said

first pole relative to said second pole (Figures 2 and 6); said pin lever depressed for

positioning said pin into said retracted position and removing said pin from said plurality

Application/Control Number: 12/589,856                                    Page 8
Art Unit: 3652

of apertures of said second pole for permitting displacement of said first pole relative to

said second pole (Figures 2 and 6).  Also, Wiese does not disclose an extension tool for

engaging a railroad car, the railroad car including a front side, a rear side, a left side and

a right side, the front side and the rear side including a knuckle coupler for linking with a

second railroad car, the front side and the rear side also including a wheel brake for

engaging a railroad brake; and a claw securing to said second end of said second pole

for engaging either the knuckle coupler or the wheel brake of the railroad car.  Browning

discloses an extension tool for engaging a railroad car, the railroad car including a front

side, a rear side, a left side and a right side, the front side and the rear side including a

knuckle coupler (64, Figures 3 and 6; "coupling means") for linking with a second

railroad car, the front side and the rear side also including a wheel brake (80, Figures 3

and 4; "brake wheel") for engaging a railroad brake (Figures 3 and 4), the extension

tool, comprising: a claw (12, Figures 1 and 4-6; "rigid head") securing to said second

end of said second pole for engaging either the knuckle coupler or the wheel brake of

the railroad car (Column 2, Lines 15-19). It would have been obvious for a person of

ordinary skill in the art at the time of the invention to modify the tool as disclosed by

Wiese with the pin lever and apertures as disclosed by Jang since such would enable

the user to easily shorten or lengthen the tool through a selected aperture via the lever,

and in doing so, it would have been obvious to include the claw as disclosed by

Browning since such would enable the tool to operate the wheel brake of a railroad car.

12.      Regarding claim 17.  Wiese in view of Jang and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

Application/Control Number: 12/589,856                                          Page 9
Art Unit: 3652

said pin lever (Jang; 25, Figures 2-6; "release lever") includes a spring (Jang; 53, Figure

6) for biasing said pin (Jang; 24, Figures 2, 3, 6 and 7) into said protruded position

(Jang; Figures 2 and 6).  It would have been obvious for a person of ordinary skill in the

art at the time of the invention to modify the tool as disclosed by Wiese with the pin

lever as disclosed by Jang since such would enable the user to easily shorten or

lengthen the tool through a selected aperture via the lever, and in doing so, it would

have been obvious to include the claw as disclosed by Browning since such would

enable the tool to operate the wheel brake of a railroad car.

13.    Regarding claim 19.  Wiese in view of Jang and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment")

include a stop pin (Wiese; 44, Figures 6; "locking pin") traversing said internal bore of

said first pole for engaging said first end of said second pole (Wiese; 12, Figures 1, 2, 6,

7, 11 and 12; "top segment"; Figure 6).  It would have been obvious for a person of

ordinary skill in the art at the time of the invention to modify the tool as disclosed by

Wiese in view of the tool as disclosed by Jang since such would enable the user to

easily shorten or lengthen the tool through a selected aperture via the lever, and in

doing so, it would have been obvious to include the tool as disclosed by Browning since

such would enable the tool to operate the wheel brake of a railroad car.

14.    **Claim 18 is rejected under 35 U.S.C. 103(a) as being unpatentable over**

**Wiese (U.S. Patent 4,918,896), in view of Jang (US 2006/0062632 A1), in view of**

Application/Control Number: 12/589,856                                           Page 10
Art Unit: 3652

**Browning (U.S. Patent 5,481,950) and further in view of Varga (U.S. Patent**

**6,213,672).**

15.      Regarding claim 18.  Wiese in view of Jang and further in view of Browning

discloses an extension tool for engaging a railroad car as set forth in claim 16, wherein

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment")

includes a pin (Wiese; 44, Figures 6; "locking pin") extending within said internal bore of

said first pole (Wiese; Figure 6); said second exterior surface of said second pole

(Wiese; 12, Figures 1, 2, 6, 7, 11 and 12; "top segment"; Figure 6).  Wiese does not

specifically disclose wherein said first pole includes a guide pin extending within said

internal bore of said first pole; said second exterior surface of said second pole having a

guide groove; and said guide pin engaging said guide groove for preventing rotation of

said second pole relative to said first pole during said pin in said retracted position.

Varga discloses an extension tool wherein said first pole (22, Figures 1, 3-5 and 10;

"inner pole") includes a guide pin (28, Figures 1, 3-5 and 10; "conventional snap button")

extending within said internal bore of said first pole (Figure 10); said second exterior

surface of said second pole (24, Figures 1-5 and 10; "outer pole") having a guide groove

(135; Figure 10; "guide slot"); and said guide pin engaging said guide groove for

preventing rotation of said second pole relative to said first pole during said pin in said

retracted position (Figure 10). It would have been obvious for a person of ordinary skill

in the art at the time of the invention to modify the tool as disclosed by Wiese, Jang and

Browning with the guide pin and groove as disclosed by Varga since such would ensure

proper alignment of the poles and the additional components.

Application/Control Number: 12/589,856                                          Page 11
Art Unit: 3652

16.     **Claims 25 and 30 are rejected under 35 U.S.C. 103(a) as being unpatentable over Wiese (U.S. Patent 4,918,896) and further in view of Jang (US 2006/0062632 A1).**

17.     Regarding claim 25.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and 12), comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment") defining an interior bore and a first exterior surface with said first pole extending between a first end and a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top segment") defining a second exterior surface with said second pole extending between a first end and a second end (Figure 6); a third pole (10, Figures 1, 2, 4, 5, 8, 9 and 11; "bottom segment") defining an interior bore and a third exterior surface with said third pole extending between a first end and a second end (Figure 5); said first end of said second pole positioned within said second end of said first pole for positioning said second pole into said internal bore of said first pole (Figure 6); said first end of said first pole positioned within said second end of said third pole for positioning said first pole into said internal bore of said third pole (Figure 5); a first pin (44, Figures 6; "locking pin") fastener removably mounted relative to the said second pole for inserting into said aperture of said first pole for terminating displacement of said first pole relative to said second pole (Figure 6); said first pole having an aperture (45; Figures 1 and 6; "hole").  Wiese does not specifically disclose said second pole having a plurality of apertures defined in said second pole; a first pin fastener removably mounted relative to the said first pole for inserting into said plurality of apertures of said

BIG STIK-000373

second pole for terminating displacement of said first pole relative to said second pole;

said first pole having a plurality of apertures defined in said first pole; a second pin lever

pivotably mounted relative to said exterior surface of said third pole; a second pin

slidably engaging within said second pin lever between a retracted position and a

protruded position; said second pin lever released for positioning said second pin into

said protruded position and inserting said second pin into said plurality of apertures of

said first pole for terminating displacement of said third pole relative to said first pole;

said second pin lever depressed for positioning said second pin into said retracted

position and removing said second pin from said plurality of apertures of said first pole

for permitting displacement of said third pole relative to said first pole.  Jang discloses

an extension tool, comprising: said second pole (13, Figures 1, 2 and 6; "locking pole")

having a plurality of apertures (37, Figures 2 and 6; "aligned holes") defined in said

second pole (Figure 2); a pin lever (25, Figures 2-6; "release lever") pivotably mounted

relative to said exterior surface of said first pole (12, Figures 1, 2, 4 and 6; "locking

pole"; Figure 6); a pin (24, Figures 2, 3, 6 and 7) slidably engaging within said pin lever

between a retracted position and a protruded position (Figure 6); said pin lever released

for positioning said pin into said protruded position and inserting said pin into said

plurality of apertures of said second pole for terminating displacement of said first pole

relative to said second pole (Figures 2 and 6); said pin lever depressed for positioning

said pin into said retracted position and removing said pin from said plurality of

apertures of said second pole for permitting displacement of said first pole relative to

said second pole (Figures 2 and 6). It would have been obvious for a person of ordinary

BIG STIK-000374

Application/Control Number: 12/589,856                                   Page 13
Art Unit: 3652

skill in the art at the time of the invention to modify the tool as disclosed by Wiese with

the pin lever and apertures as disclosed by Jang since such would enable the user to

easily shorten or lengthen the tool through a selected aperture via the lever.

18.      Regarding claim 30.  Wiese further in view of Jang discloses an extension tool as

set forth in claim 25, further including a first plug (Wiese; 43, Figures 6 and 11) secured

to second end of said second pole (Wiese; 12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") having a first pin aperture (Wiese; 45; Figures 1 and 6; "hole"; Figure 6); said

first pin (Wiese; 44, Figures 6; "locking pin") slidably engaging within said first plug

between a retracted position and a protruded position (Wiese; Figure 6); a first spring

for biasing said first pin into said protruded position for extending into an aperture of

said first pole (Wiese; 11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate segment") for

fixing the position of said second pole relative to said first pole (Wiese; Figure 6); a

second plug (Wiese; 31, Figures 5, 8 and 11) secured to second end of said first pole

having a second pin aperture (Wiese; 38, Figures 1, 2, 5 and 8; Figure 5); said second

pin (Wiese; 33, Figures 5, 8 and 11) slidably engaging within said second plug between

a retracted position and a protruded position (Wiese; Figure 5); a second spring for

biasing said second pin into said protruded position for extending into an aperture of

said third pole (Wiese; 10, Figures 1, 2, 4, 5, 8, 9 and 11; "bottom segment") for fixing

the position of said first pole relative to said third pole (Wiese; Figure 5).  Wiese does

not specifically disclose a first collar secured to second end of said first pole having a

first pin aperture; said first pin slidably engaging within said first collar between a

retracted position and a protruded position; a first spring for biasing said first pin into

BIG STIK-000375

Application/Control Number: 12/589,856                                          Page 14
Art Unit: 3652

said protruded position for extending into a selected one of said plurality of apertures of

said second pole for fixing the position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole; a

second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position; a second spring for biasing said second pin into said

protruded position for extending into a selected one of said plurality of apertures of said

first pole for fixing the position of said first pole relative to said third pole; and said

second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said first pole.

Jang discloses a tool including a collar (Jang; 20, Figures 2-5; "locking means") secured

to said second end of said first pole (Jang; 12, Figures 1, 2, 4 and 6; "locking pole")

having a pin (Jang; 24, Figures 2, 3, 6 and 7) aperture (Jang; Figures 2 and 6); a pin

slidably engaging within said collar between a retracted position and a protruded

position (Jang; Figure 6); a spring (Jang; 53, Figure 6) for biasing said pin into said

protruded position for extending into a selected one of said plurality of apertures (Jang;

37, Figures 2 and 6; "aligned holes") of said second pole (Jang; 13, Figures 1, 2 and 6;

"locking pole") for fixing the position of said second pole relative to said first pole (Jang;

Figures 2 and 6); a pin lever Jang; (25, Figures 2-6; "release lever") mounted to said

collar for moving said pin into said retracted position for permitting displacement of said

first pole relative to said second pole (Jang; Figure 6). It would have been obvious for a

BIG STIK-000376

Application/Control Number: 12/589,856                                         Page 15
Art Unit: 3652

person of ordinary skill in the art at the time of the invention to modify the tool as

disclosed by Wiese with the pin lever, apertures and collar as disclosed by Jang since

such would enable the user to easily shorten or lengthen the tool through a selected

aperture via the lever.

19.     **Claims 34-36 are rejected under 35 U.S.C. 103(a) as being unpatentable**

**over Wiese (U.S. Patent 4,918,896) in view of Jang (US 2006/0062632 A1) and**

**further in view of Drake et al. (U.S. Patent 6,682,209).**

20.     Regarding claim 34.  Wiese discloses an extension tool (Figures 1, 2, 4-9, 11 and

12), comprising: a first pole (11, Figures 1, 2, 5, 6, 8, 9, 11 and 12; "intermediate

segment") defining an interior bore with said first pole extending between a first end and

a second end (Figure 6); a second pole (12, Figures 1, 2, 6, 7, 11 and 12; "top

segment") extending between a first end and a second end (Figure 6); said first end of

said second pole located within said first pole for positioning said second pole into said

internal bore of said first pole (Figure 6); said second pole having an aperture (45;

Figures 1 and 6; "hole"; Figure 6); and a pin (44, Figures 6; "locking pin") for inhibiting

displacement of said first pole relative to said second pole (Figure 6).  Wiese does not

specifically disclose said second pole having a plurality of apertures defined in said

second pole; a pin lever moving a pin between a retracted position and a protruded

position; said pin lever released for positioning said pin into said protruded position for

inserting said pin into one of said plurality of apertures of said second pole for inhibiting

displacement of said first pole relative to said second pole; and said pin lever depressed

BIG STIK-000377

Application/Control Number: 12/589,856                                    Page 16
Art Unit: 3652

for positioning said pin into said retracted position for removing said pin from said

plurality of apertures of said second pole for permitting displacement of said first pole

relative to said second pole.  Jang discloses an extension tool comprising: said second

pole (13, Figures 1, 2 and 6; "locking pole") having a plurality of apertures (37, Figures 2

and 6; "aligned holes") defined in said second pole (Figure 2); a pin lever (25, Figures 2-

6; "release lever") moving a pin (24, Figures 2, 3, 6 and 7) between a retracted position

and a protruded position (Figures 2 and 6); said pin lever released for positioning said

pin into said protruded position for inserting said pin into one of said plurality of

apertures of said second pole for inhibiting displacement of said first pole (12, Figures 1,

2, 4 and 6; "locking pole") relative to said second pole (Figure 6); said pin lever

depressed for positioning said pin into said retracted position for removing said pin from

said plurality of apertures of said second pole for permitting displacement of said first

pole relative to said second pole (Figure 6).  Also, Wiese does not disclose an

illuminator affixed to one of said first and second poles for illuminating in proximity to

said second pole.  Drake et al. discloses an extension tool comprising: an illuminator

(52, Figures 1-3 and 7; "lighting fixtures") affixed to one of said first (35, Figures 1-4 and

9; "pole") and second (33, Figures 1-4 and 9; "pole") poles for illuminating in proximity to

said second pole (Figure 3).  It would have been obvious for a person of ordinary skill in

the art at the time of the invention to modify the tool as disclosed by Wiese with the pin

lever and apertures as disclosed by Jang since such would enable the user to easily

shorten or lengthen the tool through a selected aperture via the lever and with the

Application/Control Number: 12/589,856                                        Page 17
Art Unit: 3652

illuminator as disclosed by Drake et al. since such would enable the user to see the tool

at the end of the pole.

21.     Regarding claim 35.  Wiese in view of Jang and further in view of Drake et al.

discloses an extension tool as set forth in claim 34, including a clamp (Drake et al.; 53,

Figures 2, 3, 7  and 8; "fixture clamp") for securing said illuminator (Drake et al.; 52,

Figures 1-3 and 7; "lighting fixtures") to one of said first (Drake et al.; 35, Figures 1-4

and 9; "pole") and second (Drake et al.; 33, Figures 1-4 and 9; "pole") poles (Drake et

al.; Figure 3).  It would have been obvious for a person of ordinary skill in the art at the

time of the invention to modify the tool as disclosed by Wiese in view of the tool as

disclosed by Jang since such would enable the user to easily shorten or lengthen the

tool through a selected aperture via the lever and with the illuminator as disclosed by

Drake et al. since such would enable the user to see the tool at the end of the pole.

22.     Regarding claim 36.  Wiese in view of Jang and further in view of Drake et al.

discloses an extension tool as set forth in claim 34, including a holder (Drake et al.; 53,

Figures 2, 3, 7  and 8; "fixture clamp") for securing said illuminator (Drake et al.; 52,

Figures 1-3 and 7; "lighting fixtures") to one of said first (Drake et al.; 35, Figures 1-4

and 9; "pole") and second (Drake et al.; 33, Figures 1-4 and 9; "pole") poles (Drake et

al.; Figure 3).  It would have been obvious for a person of ordinary skill in the art at the

time of the invention to modify the tool as disclosed by Wiese in view of the tool as

disclosed by Jang since such would enable the user to easily shorten or lengthen the

tool through a selected aperture via the lever and with the illuminator as disclosed by

Drake et al. since such would enable the user to see the tool at the end of the pole.

Application/Control Number: 12/589,856                                      Page 18
Art Unit: 3652

### Conclusion

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to GABRIELA PUIG whose telephone number is (571)270-
5880.  The examiner can normally be reached on Monday thru Thursday 7:00 to 4:30
and every other Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, SAUL RODRIGUEZ can be reached on (571)272-7097.  The fax phone
number for the organization where this application or proceeding is assigned is 571-
273-8300.

Information regarding the status of an application may be obtained from the
Patent Application Information Retrieval (PAIR) system.  Status information for
published applications may be obtained from either Private PAIR or Public PAIR.
Status information for unpublished applications is available through Private PAIR only.
For more information about the PAIR system, see http://pair-direct.uspto.gov. Should
you have questions on access to the Private PAIR system, contact the Electronic
Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a
USPTO Customer Service Representative or access to the automated information
system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/GABRIELA  PUIG/
Examiner, Art Unit 3652

/Saul J. Rodriguez/

BIG STIK-000380

Application/Control Number: 12/589,856                                    Page 19
Art Unit: 3652

Supervisory Patent Examiner, Art Unit 3652

BIG STIK-000381



U.S. PTO
12/589856
10/29/2009

# IN THE UNITED STATES PATENT OFFICE

| | |
|---|---|
| Title: | EXTENSION TOOL |
| Inventors: | Robert G. Lofley, Sr. & Robert G. Lofley, Jr. |
| Attorney Docket No: | 2009-0208 |
| Express Mail No: | EV 843945755 US |
| Date of Mailing: | October 29, 2009 |

Commissioner for Patents
PO Box 1450
Alexandria, Virginia 22313-1450

## UTILITY APPLICATION COVER SHEET

Transmitted herewith for filing is the subject Utility Patent Application of the following inventors containing:

| | |
|---|---|
| First Inventor: | Robert G. Lofley, Sr. |
| Address: | 2913 Spaniel Lane |
| | Seffner, FL 33584 |
| Citizenship: | US |
| Second Inventor: | Robert G. Lofley, Jr. |
| Address: | 4027 Waring Drive |
| | Tampa, FL 33610 |
| Citizenship: | US |

1.  __44__  sheets of Specification, including claims pages.

2.  __17__  sheets of Drawings.
      __X__  Formal      __      Informal

3.  __X__  A Declaration of the inventor is enclosed.
      __X__  Signed      __      Not Signed

4.  __X__  A Small Entity Statement(s) is enclosed.
      __X__  Signed      __      Not Signed

2

BIG STIK-000431

5.    <u>X</u>    The filing fee is calculated in accordance with the attached Patent Application Fee Determination Record form (PTO/SB/06).

6.    __    A check in the above TOTAL FEE is enclosed.

7.    <u>X</u>    Please charge all fees in accordance with the enclosed Credit Card Payment Form of the United States Patent and Trademark Office.

8.    __    Please charge the above filing fee to Account No. 06-2120.

9.    <u>X</u>    The Commissioner is hereby authorized to charge any additional or credit any over payment to Deposit Account No. 06-2120.

10    __    This application is assigned to:

       __    An Assignment and an Assignment Recording sheeting is enclosed

11.    <u>X</u>    Address all future communications to:

                 David A. Frijouf, Esquire
                 Frijouf, Rust & Pyle, P.A.
                 201 East Davis Boulevard
                 Tampa, Florida 33606

       <u>X</u>    A power of attorney in enclosed.
       __    A power of attorney is not enclosed but the above Attorney is authorized to act on behalf of the applicant(s).

12.    <u>X</u>    A return receipt postcard is enclosed.

13.    __    Information Disclosure Statement including PTO/SB/08A form.

14.    __    Also enclosed is _____.

### Deposit Account

      Please charge any deficiency in filing fees required under 37 CFR 1.16 or any processing fees under 37 CFR 1.17 or credit any overpayment arising out of this correspondence or any further correspondence to Deposit Account No. 06-2120.

3

Respectfully submitted,

FRIJOUF, RUST & PYLE, P.A.

David A. Frijouf, (Reg. 50,422)
201 East Davis Boulevard
Tampa, FL 33606
813.254.5100    phone
813.254.5400    facsimile
frijouf@frijouf.com    email
Attorneys for Applicants

4

PTO/SB/17 (10-08)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995  no persons are required to respond to a collection of information unless it displays a valid OMB control number

| | **Complete if Known** |
|---|---|
| *Effective on 12/08/2004.*<br>*Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).*<br>**FEE TRANSMITTAL**<br>**For FY 2009**<br>☑ Applicant claims small entity status. See 37 CFR 1.27 | |
| | Application Number | |
| | Filing Date | October 29, 2009 |
| | First Named Inventor | Robert G. Lofley, Sr., et al. |
| | Examiner Name | |
| | Art Unit | |
| **TOTAL AMOUNT OF PAYMENT** ($) | Attorney Docket No. | 2009-0208 |

**METHOD OF PAYMENT** (check all that apply)

☐ Check  ☑ Credit Card  ☐ Money Order  ☐ None  ☐ Other (please identify): _____

☐ Deposit Account  Deposit Account Number: 06-2120  Deposit Account Name: Frijouf, Rust & Pyle, P.A

For the above-identified deposit account, the Director is hereby authorized to: (check all that apply)

☐ Charge fee(s) indicated below  ☐ Charge fee(s) indicated below, **except for the filing fee**

☑ Charge any additional fee(s) or underpayments of fee(s) under 37 CFR 1.16 and 1.17  ☐ Credit any overpayments

WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES**

| Application Type | FILING FEES Fee ($) | FILING FEES Small Entity Fee ($) | SEARCH FEES Fee ($) | SEARCH FEES Small Entity Fee ($) | EXAMINATION FEES Fee ($) | EXAMINATION FEES Small Entity Fee ($) | Fees Paid ($) |
|---|---|---|---|---|---|---|---|
| Utility | 330 | 165 | 540 | 270 | 220 | 110 | $545.00 |
| Design | 220 | 110 | 100 | 50 | 140 | 70 | |
| Plant | 220 | 110 | 330 | 165 | 170 | 85 | |
| Reissue | 330 | 165 | 540 | 270 | 650 | 325 | |
| Provisional | 220 | 110 | 0 | 0 | 0 | 0 | |

**2. EXCESS CLAIM FEES**

| Fee Description | Fee ($) | Small Entity Fee ($) |
|---|---|---|
| Each claim over 20 (including Reissues) | 52 | 26 |
| Each independent claim over 3 (including Reissues) | 220 | 110 |
| Multiple dependent claims | 390 | 195 |

| Total Claims | | Extra Claims | | Fee ($) | | Fee Paid ($) |
|---|---|---|---|---|---|---|
| 37 | - 20 or HP = | 17 | x | 26 | = | 289.00 |

HP = highest number of total claims paid for, if greater than 20.

| Indep. Claims | | Extra Claims | | Fee ($) | | Fee Paid ($) |
|---|---|---|---|---|---|---|
| 6 | - 3 or HP = | 3 | x | 110 | = | 330.00 |

HP = highest number of independent claims paid for, if greater than 3.

| Multiple Dependent Claims | |
|---|---|
| Fee ($) | Fee Paid ($) |
| | |

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $270 ($135 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

| Total Sheets | | Extra Sheets | | Number of each additional 50 or fraction thereof | | Fee ($) | | Fee Paid ($) |
|---|---|---|---|---|---|---|---|---|
| | - 100 = | | / 50 = | | (round **up** to a whole number) x | | = | 0 |

**4. OTHER FEE(S)**

| | Fees Paid ($) |
|---|---|
| Non-English Specification,  $130 fee (no small entity discount) | |
| Other (e.g., late filing surcharge): _____ | $1164.00 |

**SUBMITTED BY**

| Signature | *[signature]* | Registration No. (Attorney/Agent) | 50,422 | Telephone | 813-254-5100 |
|---|---|---|---|---|---|
| Name (Print/Type) | David A. Frijouf | | | Date | October 29, 2009 |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

BIG STIK-000434

# IN THE UNITED STATES PATENT OFFICE

| | |
|---|---|
| Title: | EXTENSION TOOL |
| Inventors: | Robert G. Lofley, Sr. & Robert G. Lofley, Jr. |
| Attorney Docket No: | 2009-0208 |
| Express Mail No: | EV 843945755 US |
| Date of Mailing: | October 29, 2009 |

## CERTIFICATE OF EXPRESS MAIL FILING

It is hereby certified the above referred to accompanying application was mailed by UNITED STATES POST OFFICE EXPRESS MAIL to the Commissioner For Patents, PO Box 1450, Alexandria, Virginia 22313-1450 on the above Date of Mailing. The above Express Mail Number has been applied to all applicable papers transmitted for identification purposes. It is respectfully requested that this application be accorded the above filing date.

Respectfully submitted,

FRIJOUF, RUST & PYLE, P.A.

David A. Frijouf, Reg. No. 50,422
201 East Davis Boulevard
Tampa, Florida  33606
813.254.5100    phone
813.254.5400    facsimile
frijouf@frijouf.com   email
Attorneys for Applicants

1

BIG STIK-000435

# UNITED STATES PATENT APPLICATION

## EXTENSION TOOL

*Be it known that Robert G. Lofley, Sr. & Robert G. Lofley, Jr both a citizens of the United States of America and both resident of the State of Florida have invented new and useful improvements in the above entitled invention the following of which is a specification in full, clear and exact terms to enable one skilled in the art to make and use the best mode of the same.*

Attorneys of Record

FRIJOUF, RUST & PYLE P.A.
201 East Davis Boulevard
Tampa, Florida 33606
813.254.5100    phone
813.254.5400    facsimile
frijouf@frijouf.com   email
Attorneys for Applicants

5

BIG STIK-000436

## ABSTRACT OF THE DISCLOSURE

An extension tool is disclosed and comprises a first pole and a second pole. The second pole is slidably received within the first pole. The second pole has a plurality of apertures. A pin lever is pivotably mounted relative to the first pole. A pin slidably engages within the pin lever. The pin lever is released for inserting the pin into the plurality of apertures of the second pole for terminating displacement of the first pole relative to the second pole. The pin lever is depressed for removing the pin from the plurality of apertures of the second pole for permitting displacement of the first pole relative to the second pole. A device, tool or support may be secured to the second ends of the second pole. In one embodiment, a claw is secured to the second end of the second pole for engaging either a knuckle coupler or a wheel brake of a railroad car.

6

BIG STIK-000437

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims benefit of United States Patent Provisional application number 61/197,908 filed October 30, 2008 and United States Patent Provisional application number 61/271,116 filed July 17, 2009.  All subject matter set forth in provisional application number 61/197,908 filed October 30, 2008 and provisional application number 61/271,116 filed July 17, 2009 is hereby incorporated by reference into the present application as if fully set forth herein.

BIG STIK-000438

# EXTENSION TOOL

## BACKGROUND OF THE INVENTION

Field Of The Invention

[0001]        This invention relates to tools and more particularly to an extension tool.

Description of the Related Art

[0002]        Various types of tools have been devised in the past for moving, rotating, positioning, supporting or contacting an object.  One particular application of these tools is a paint stick wherein a paint dispensing device is secured to the end of the tool.  The length of the paint stick may be altered by telescoping a first pole relative to a second pole.

[0003]        Another application of these tools is an outrigger wherein a line may be supported from a first location on a vessel to a second location distant from a vessel.  The length of the outrigger may be altered by telescoping a first pole relative to a second pole.

[0004]        Another application of these tools is a railroad tool wherein a claw is located on an end of the tool for rotating a break actuator on a railroad car.  Typically, the railroad car wheel break is actuated by rotating the break actuator.  The break actuator may include a wheel having a plurality of spokes extending from a central hub.  The rotation of the wheel rotates the hub and a shaft attached thereto for manually engaging a brake shoe to a surface of the railroad car wheel.  The engagement of the brake shoe against the railroad car wheel prevents undesired movement of the railroad train car.

[0005]        In most cases, the break actuator is located on the upper end of the railroad car.  This

1

necessitated the railroad employee to climb a ladder between typically two adjacent railroad cars to rotate the wheel on each of the railroad cars. Thereafter, the employee must descend the latter to move to the next railroad car and climb the ladder and rotate the wheel in a similar pattern.

[0006]     This procedure is very time consuming and possibly dangerous activity since the railroad employee is required to climb the ladders on each of the railroad cars that are in many cases located between two adjacent railroad cars. The following U.S. Patents are examples of attempts of the prior art to solve these problems.

[0007]     U.S. Patent 684,858 to Pearson discloses a wire fence tool comprising a handle, a hatchet-blade thereon having a disk-shaped facial recess in one side. A wire-cutter is seated in the recess and forms a flush portion of the hatchet-blade. An opening lever-handle is connected with the cutter-disk and a retaining loop for the lever-handle. The hatchet-blade and cutter-disk are provided with registering wire-receiving notches.

[0008]     U.S. Patent 872,271 to Benet discloses a device combining a pair of members connected pivotally together and provided with claws for the purpose of gripping a nail or the like. One of the members is provided with a longitudinal portion for increasing the leverage between the claws. The longitudinal portion terminates at one of its ends in a screw driver blade having a sharp portion and also having shoulders disposed upon opposite sides of the sharp portion. A handle is mounted telescopically upon the longitudinal portion of the blade and is provided with a pair of oppositely disposed impact surfaces for engaging the shoulders and receiving therefrom the force of impact so as to avoid injury to the sharp portion of the screw driver blade.

[0009]     U.S. Patent 4,646,378 to Borden discloses a combination tool comprising a first and a second tool members with hinge structure pivotally securing the first and the second members together so that they may be selectively pivoted between opened and closed positions of use

2

wherein.  The first tool member includes a pair of spaced-apart generally parallel extending side walls forming a sheath portion between which the second tool member may be folded or enclosed in closed position thereof.  The first tool member also includes a first tool portion and a first bridge portion at one end thereof and a second bridge portion adjacent the other end thereof but intermediate these ends.  The first and second bridge extend between and integrally connecting sidewalls.  The second tool member includes a second and third tool portions at opposite ends thereof and an intermediate region adjacent the second tool portion with this intermediate region being disposed between the side walls and hingedly assembled adjacent the other end of the first tool member, wherein in the folded or closed position of the combination tool, the second tool member is disposed between the side walls and resting on the bridge portions and the second and third tool portions extend beyond the opposite ends of the first tool member and the first tool portion is disposed in exposed condition so that all three tool portions are available for use in both the opened and folded or closed conditions of the tool members.

[00010]      U.S. Patent 4,715,252 to Pella discloses a device for safely rotating the wheel of a large or hard-to-turn valve. The wrench comprises an elongated handle, and a wheel grip. The wheel grip further consists of a rim grip and a spoke grip. The rim grip extends upwardly (when viewed from above) around the bottom of the rim of a valve wheel. The spoke grip extends downwardly, first around the rim of the wheel, then inwardly, so as to grasp the spoke of the valve wheel.

[00011]      U.S. Patent 4,991,469 to Pella discloses a device for safely rotating the handwheel of hard-to-turn valves has an elongate handle terminating in a fixed wheel-rim-engaging jaw. A movable wheel-engaging jaw is pivotally attached to the handle behind the fixed jaw. When the movable jaw is applied to the inner surface of the handwheel rim and the fixed jaw is applied to the

3

outer surface of the rim, turning force on the handle forces the two jaws together by a leveraged force to enhance gripping of the rim while turning the wheel. Protuberances on the movable jaw enhance gripping the wheel rim and spoke.

[00012]      U.S. Patent 5,481,950 to Browning discloses a rigid head extending laterally from an adjustable handle has an elongate slot therethrough aligned with the longitudinal axis, of the handle for receiving and operating the handle of a valve. A first concave surface is formed in the upper edge of the head for pushing on the spokes of a brake wheel. The first concave surface has opposite ends of similar slope approaching ninety degrees relative to the upper edge for pushing on the spokes of a brake wheel and preventing kick-out of the tool from the brake wheel. A second concave surface is formed in the lower edge of the head for pulling on the spokes of a brake wheel. A first end of the second concave surface has a slope approaching ninety degrees relative to the lower edge of the head that is significantly less than the slope of the first end to facilitate kick-out of the tool while the brake wheel is in motion. The second concave surface slopes to a point where it joins the outer edge of the head to define a point adapted to fit within a hole in a knuckle of a railroad car.

[00013]      U.S. Patent 6,182,539 to Webster discloses a telescoping handle assembly including an inner and outer telescoping handle sections. The inner section has an outer surface and a series of grooves at predetermined locations spaced along the length of the inner section. The outer section includes locking teeth that are fixed axially in position along the length of the outer section and that are resiliently movable between a locked condition disposed in one of the grooves on the inner section and an unlocked condition. The handle assembly includes a locking sleeve movable in a first direction to apply radially inwardly directed force to the locking teeth to maintain the locking teeth in the locked condition and thereby to block telescopic movement of the inner section relative

4

to the outer section. The locking sleeve is movable in a second direction opposite the first direction to enable movement of the locking teeth out of the locking condition thereby to enable telescopic movement of the inner section relative to the outer section.

[00014]    Although the aforementioned prior art have contributed to the development of the art of tools, none of these prior art patents have solved the needs of the art.

[00015]    Therefore, is an object of this invention to provide an improved tool for moving, rotating or contacting an object.

[00016]    Another object of this invention is to provide an improved tool for mounting a tool device thereon.

[00017]    Another object of this invention is to provide an improved tool for mounting a sensor device thereon.

[00018]    Another object of this invention is to provide an improved tool for mounting a support device thereon.

[00019]    Another object of this invention is to provide an improved tool for rotating the break actuator of a railroad car for actuating a wheel break.

[00020]    Another object of this invention is to provide an improved tool for pivoting a knuckle coupler of a railroad car.

[00021]    Another object of this invention is to provide an improved tool that is light-weight and easy to carry.

[00022]    Another object of this invention is to provide an improved tool that can be extended and retracted for varying the length of the tool.

[00023]    Another object of this invention is to provide an improved tool that may be extended and retracted with a minimum resistance force.

5

BIG STIK-000443

[00024]     Another object of this invention is to provide an improved tool that may be extended and retracted without jamming.

[00025]     The foregoing has outlined some of the more pertinent objects of the present invention.  These objects should be construed as being merely illustrative of some of the more prominent features and applications of the invention.  Many other beneficial results can be obtained by modifying the invention within the scope of the invention.  Accordingly other objects in a full understanding of the invention may be had by referring to the summary of the invention, the detailed description describing the preferred embodiment in addition to the scope of the invention defined by the claims taken in conjunction with the accompanying drawings.

BIG STIK-000444

● ●

## SUMMARY OF THE INVENTION

[00026]        The present invention is defined by the appended claims with specific embodiments being shown in the attached drawings.  For the purpose of summarizing the invention, the invention relates to an improved extension tool.  The extension tool comprises a first pole defining an interior bore and a first exterior surface with the first pole extending between a first end and a second end. A second pole defines a second exterior surface with the second pole extending between a first end and a second end.  A first bushing defines an internal bore and an exterior surface.  A second bushing defines an internal bore and an exterior surface.  The second pole is partially disposed in the first pole with the internal bore of the first bushing slidably engaging with the exterior surface of the second pole and with the exterior surface of the second bushing slidably engaging with the internal bore of the first pole for enabling the second pole to be slidably displaced relative to the first pole.  A plurality of apertures are defined in the second pole.  A pin is mounted to the first pole for movement between a retracted position and a protruded position.  A spring biases the pin into the protruded position for extending into a selected one of the plurality of apertures of the second pole for fixing the position of the second pole relative to the first pole.  A pin lever moves the pin into the retracted position for permitting displacement of the first pole relative to the second pole. An upper telescoping stop comprises the first bushing cooperating with the second bushing to limit an outward movement of the second pole relative to the first pole upon engagement of the first bushing with the second bushing.

[00027]        In a more specific embodiment of the invention, a mounting is secured to the second end of the second pole for mounting a device thereon.  A collar is secured to the second end of the first pole and has a pin aperture.  The pin slidably engages within the collar between a retracted

7

BIG STIK-000445

position and a protruded position.

[00028]     In another embodiment of the invention, the extension tool engages a railroad car. A claw is secured to the second end of the second pole for engaging either a knuckle coupler or a wheel brake of the railroad car.

[00029]     In another embodiment of the invention, the extension tool comprises a third pole defining an interior bore and a third exterior surface with the third pole extending between a first end and a second end. The first end of the first pole is received within the second end of the third pole for positioning the first pole into the internal bore of the third pole. The first pole has a plurality of apertures defined in the first pole. A second pin lever is pivotably mounted relative to the exterior surface of the third pole. A second pin slidably engages within the second pin lever between a retracted position and a protruded position. The second pin lever is released for positioning the second pin into the protruded position and inserting the second pin into the plurality of apertures of the first pole for terminating displacement of the third pole relative to the first pole. The second pin lever is depressed for positioning the second pin into the retracted position and removing the second pin from the plurality of apertures of the first pole for permitting displacement of the third pole relative to the first pole. In the alternative, either of the first and second pin levers and pins may be replaced by a pin fastener.

[00030]     The foregoing has outlined rather broadly the more pertinent and important features of the present invention in order that the detailed description that follows may be better understood so that the present contribution to the art can be more fully appreciated. Additional features of the invention will be described hereinafter which form the subject of the claims of the invention. It should be appreciated by those skilled in the art that the conception and the specific embodiments disclosed may be readily utilized as a basis for modifying or designing other structures for carrying

BIG STIK-000446

out the same purposes of the present invention.  It should also be realized by those skilled in the art that such equivalent constructions do not depart from the spirit and scope of the invention as set forth in the appended claims.

9

BIG STIK-000447

## BRIEF DESCRIPTION OF THE DRAWINGS

[00031]     For a fuller understanding of the nature and objects of the invention, reference should be made to the following detailed description taken in connection with the accompanying drawings in which:

[00032]     FIG. 1 is a side view of a first embodiment of an extension tool of the present invention;

[00033]     FIG. 2 is a side view of a first pole of FIG. 1;

[00034]     FIG. 3 is a side view of a second pole of FIG. 2;

[00035]     FIG. 4 is an enlarged portion of FIG. 1;

[00036]     FIG. 5 is a top view of FIG. 4;

[00037]     FIG. 6 is a right side view of FIG. 4;

[00038]     FIG. 7 is a rear view of FIG. 4;

[00039]     FIG. 8 is an isometric exploded view of a portion of FIG. 4;

[00040]     FIG. 9 is an isometric exploded view of a portion of FIG. 4;

[00041]     FIG. 10 is a sectional view along line 10-10 in FIG. 4;

[00042]     FIG. 11 is a view similar to FIG. 10 illustrating a pin withdrawn for displacing the second pole relative to the first pole;

[00043]     FIG. 12 illustrates the extension tool engaging a brake wheel of a railroad car;

[00044]     FIG. 13 illustrates the extension tool engaging a knuckle coupler of a railroad car;

[00045]     FIG. 14 is a sectional view along line 14-14 in FIG. 13 illustrating the extension tool located in an extension tool container;

[00046]     FIG. 15 is a sectional view along line 15-15 in FIG. 14;

10

BIG STIK-000448

[00047]     FIG. 16 is a view similar to FIG. 1, illustrating a second embodiment of the extension tool wherein a first bushing and a second bushing are utilized for displacing the second pole relative to the first pole and the second pole having a chord defining a flatten portion engaging with an insert for inhibiting rotation between the second pole relative to the first pole;

[00048]     FIG. 17 is a sectional view along line 17-17 in FIG. 16;

[00049]     FIG. 18 is a sectional view along line 18-18 in FIG. 16;

[00050]     FIG. 19 is a view similar to FIG. 17 illustrating the first bushing contacting the second bushing for defining an upper telescoping stop and terminating further extension of the second pole relative to the first pole;

[00051]     FIG. 20 is a view similar to FIG. 17 illustrating the first pole including a counterbore for receiving the first bushing;

[00052]     FIG. 21 is a side view of a third embodiment of an extension tool wherein a tool, device or support may be utilized on the second pole;

[00053]     FIG. 21A is an enlarged view of the second end of the second pole illustrating a mounting;

[00054]     FIG. 22 is a side view of a fourth embodiment of the extension tool wherein the first pole is displaced relative to a third pole;

[00055]     FIG. 23 is a view similar to FIG. 22 illustrating the extension tool in an expanded position;

[00056]     FIG. 24 is an alternate embodiment of FIG. 23 illustrating an extension tool having a pin fastener for supporting a first object above a second object;

[00057]     FIG. 24A is an enlarged view of a pin fastener of FIG. 24;

[00058]     FIG. 25 is a sectional view along line 25-25 in FIG. 22;

11

BIG STIK-000449

[00059]      FIG. 26 is a view similar to FIG. 25 illustrating a solid second pole for increasing the strength of the second pole;

[00060]      FIG. 27 is a sectional view along line 27-27 in FIG. 23;

[00061]      FIG. 28 is a sectional view along line 28-28 in FIG. 23;

[00062]      FIG. 29 is a side view of a fifth embodiment of an extension tool wherein an illuminator is engaging the first pole for illuminating an area in proximity to the second end of the second pole;

[00063]      FIG. 30 is a sectional view along line 30-30 in FIG. 29;

[00064]      FIG. 31 is a sectional view along line 31-31 in FIG. 30;

[00065]      FIG. 32 is a side view of a second illuminator engaging the second pole for illuminating an area in proximity to the second end of the second pole;

[00066]      FIG. 33 is a top view of FIG. 32 illustrating the second illuminator in the process of engaging the second pole and a cylindrical illuminating device; and

[00067]      FIG. 34 is a view similar to FIG. 33 illustrating the second illuminator fully engaged with the second pole and the cylindrical illuminating device.

[00068]      Similar reference characters refer to similar parts throughout the several Figures of the drawings.

BIG STIK-000450

## DETAILED DISCUSSION

[00069]     FIGS. 1-28 are various views of an extension tool 10 for moving, rotating, positioning, supporting or contacting an object. A first embodiment of the extension tool 10 is shown in FIGS. 1-8 and 12-16 wherein the extension tool 10 includes a claw 200 for engaging a railroad car 12. Further embodiments are shown in FIGS. 21-24 wherein the extension tool 10 incorporates either a device 11, tool 15 or support 17.

[00070]     As shown in FIGS. 12 and 13, the railroad car 12 includes a container 13 having a front side 14, a rear side 16, a left side 18 and a right side 20. The railroad car 12 further includes a plurality of wheels 22 for rotatably engaging along a rail system 24. The plurality of wheels 22 support the container 13 and permitting the container 13 to be displaced to multiple locations. A brake 30 engages the plurality of wheels 22 for terminating rotation of the plurality of wheels 22. A wheel brake 32 is rotatably coupled to the railroad car 12. The wheel brake 32 has a plurality of spokes 34 extending between a central hub 36 and a circular rail 38. A brake linkage 40 couples the wheel brake 32 with the brake 30 such that upon rotation of the wheel brake 32 the brake either compresses or expands relative to the plurality of wheels 22.

[00071]     The front side and/or the rear side of the railroad car 12 include a knuckle coupler 42 for linking with a second railroad car 26. The knuckle coupler 42 has a generally J-shape hook 44 for linking with other generally J-shape hooks 44. The knuckle coupler 42 pivotably engage the railroad car 12 for permitting the generally J-shape hook 44 to be displaced during engagement with another generally J-shape hook 44.

[00072]     In the past an operator 2 was required to ascend a railroad car latter 28 in order to rotate the wheel brake 32. Furthermore, prior to the coupling of the knuckle couplers 42 the

13

BIG STIK-000451

operator 2 may be required to apply a horizontal force to the knuckle coupler 42 for pivoting the generally J-shape hooks 44. In the past the operator 2 may have utilized their limbs 4 for pivoting the generally J-shape hooks 44. Having the operator 2 ascending the railroad car latter 28 and positioned in close proximity to the knuckle coupler 42 could prove highly dangerous by causing great bodily harm or death.

[00073]    FIGS. 1-19 illustrate the tool 10 that may eliminate the need for the operator 2 to ascend the ladder 28 to rotate the wheel brake and to move in between the adjacent railroad cars 12. The tool 10 may be positioned between an extended length 120 and a retracted length 122 for varying the overall length of the tool 10. The tool 10 comprises a first pole 50. The first pole 50 has an internal bore 52, an exterior surface 54 and extends between a first end 56 and a second end 58. A second pole 100 defines a second internal bore 102, a second exterior surface 104 and extends between a first end 106 and a second end 108. As seen in FIGS. 10, 11, 17-20 and 25-28, the second pole 100 has a second internal bore 102 for reducing the weight of the extension tool 10. Alternatively, as seen in FIG. 26 the second pole 100 may have a solid cross-section 103 for increasing the rigidly of the extension tool 10.

[00074]    Preferably, the first pole 50 has a substantially circular cross-section 51. Similarly, the second pole 100 has a substantially circular cross-section 101.

[00075]    The first end 106 of the second pole 100 engages the second end 58 of the first pole 50 for positioning the second pole 100 into the internal bore 52 of the first pole 50. A handle 53 is defined in proximity to the first end 56 of the first pole 50 for the operator 2 to engage with the extension tool 10. The exterior surface 54 of the first pole 50 may have a textured surface 59 or a knurled portion 57 for assisting in handling the tool 10.

[00076]    The second pole 100 has a plurality of apertures 110 extending between the second

14

exterior surface 104 to the second internal bore 102. A pin lever 150 is pivotally mounted relative to the exterior surface 54 of the first pole 50. A pin 152 slidably engages within the pin lever 150 between a retracted position 154 as shown in FIG. 11 and a protruded position 156 as shown in FIG. 10. More specifically, a collar 180 may be utilized for coupling the pin lever 150 to the first pole 50. The collar 180 includes a pole bore 182 for slidably engaging the first pole 50. One or more set screws 183 may be used to secure the collar 180 relative to the first pole 50. A collar bore 188 is aligned with a first pole pin aperture 53 in the first pole 50. The collar 180 further includes a first pin column 184 and a second pin column 186 positioned on opposing sides of the collar bore 188. A bridge member 190 extends and is secured between the first pin column 184 and the second pin column 186. The bridge member 190 has a bridge bore 192 for receiving a bore bushing 194.

[00077]    The pin lever 150 include a pin plate 162 and a handle plate 164 coupled by an angled portion 166. The pin plate 162 includes a pin bore 163 that is aligned with the collar bore 188. The collar 180 and the bridge member 190 encompass the pin lever 150, pin 152, a pin spring 158, bore bushing 194, a pin key 170 and a pin washer 172. The pin lever 150 slidably engaging through the bridge bore 192, pin bore 163 and the collar bore 188 for contacting the second pole 100. The pin key 170 maintains the pin lever 150 between the collar 180 and the bridge member 190.

[00078]    The pin lever 150 is released for positioning the pin 152 into the protruded position 156. The pin spring 158 biases the pin lever 150 to the protruded position 156 in the absent a force 160 applied to the pin lever 150. The protruded position 156 permits the insertion of the pin 152 into one of the plurality of apertures 110 of the second pole 100. Upon insertion of the pin 152 into one of the plurality of apertures 110, the first pole 50 terminates displacement relative to the second pole 100. Since the handle plate 164 is substantially longer than the pin plate 162 and the angled

15

BIG STIK-000453

portion 166 couples the pin plate 162 and a handle plate 164, the pin lever 150 applies a mechanical advantage force 168 against the pin spring 158 upon the force 160 being applied to the handle plate 164. A pin key 170 encircles the pin 152 and engages the pin lever 150 for retracting the pin 152 relative to the pin lever 150.

[00079]     To vary the overall length of the tool 10, the force 160 is applied to the handle plate 164. The force 160 causes the pin plate 162 to impress against the pin key 170 and to compress the spring 158. The pin key 170 displaces the pin 152 into the retracted position 154 and removes the pin 152 from one of the plurality of apertures 110 of the second pole 100. Upon the pin 152 removed from one of the plurality of apertures 110, the second pole 100 is permitted to displace relative to the first pole 50.

[00080]     As best seen in FIGS. 7, 10 and 11, the first pole 50 includes a guide pin 60 extending within the internal bore 52 of the first pole 50. The second exterior surface 104 of the second pole 100 includes a guide groove 112. The guide pin 60 slidably engages within the guide groove 112 for preventing rotation of the second pole 100 relative to the first pole 50 during the pin 152 located in the retracted position 154.

[00081]     As best seen in FIGS. 17, 19, 20 and 25-28 alternatively, the second exterior surface 104 of the second pole 100 may include a chord 114 defining a flatten portion 116 of the substantially circular cross-section 101. An anti-rotation insert 118 extends form the collar 180 into the interior bore 52 of the first pole 50 and is positioned adjacent to the chord 114 for inhibiting rotation between the second pole 100 relative to the first pole 50. Furthermore, the anti-rotation insert 118 extending from the collar 180 into the interior bore 52 defines a collar lock 120 for securing the collar 180 to the first pole 50. In addition, the anti-rotation insert 118 extending from the collar 180 into the interior bore 52 defines a bushing lock 122 for securing a first bushing 70 to

16

the first pole 50.

[00082]      As seen in FIGS. 1, 3 and 18, the first pole 50 includes a stop pin 62 traversing the internal bore 52 of the first pole 50 for engaging the first end 106 of the second pole 100.  Upon engagement between the stop pin 62 and the first end 106 of the second pole 100 the second pole 100 is terminated from further retraction of the second pole 100 into the first pole 50.

[00083]      The tool 10 includes a claw 200 for directly engaging the wheel brake 32 and the knuckle coupler 42.  The claw 200 is secured to the second end 108 of the second pole 100 by a mounting 201.  The claw 200 includes a pole receiver 202 for engaging over the second end 108 of the second pole 100.  A plate 204 extends from the pole receiver 202.  The plate 204 defines a first side 206, a second side 208, a top edge 210, a side edge 212 and a bottom edge 214.  The bottom edge 214 includes an arcuate recess 216 for preventing disengaging between either the knuckle coupler 42 or the wheel brake 32 of the railroad car 12 with the extension tool 10.  More specifically, the arcuate recess 216 encircles one of the plurality of spokes 34.  As shown in FIG. 12 and 13 a tool force 46 is applied to the tool 10 which in turn applied either a rotational force 48 to the wheel brake 32 as shown in FIG. 12 or a pivoting force 49 to the knuckle coupler 42 as shown in FIG. 13.

[00084]      As seen in FIGS. 4, 7, 8 and 13-15, the claw 200 may further include a locking bore 220.  The locking bore 220 traverses the plate 204 for securing the extension tool 10 to the railroad car 12.  The extension tool 10 may be positioned within an elongated channel 240.  The elongated channel 240 includes a first channel aperture 242 and a second channel aperture 244 for positioning the extension tool 10 within the elongated channel 240.  A post 246 is positioned within the elongated channel 244 for engaging with the locking bore 220 of the extension tool 10.  The engagement between the extension tool 10 and the post 246 prevents the extension tool 10 from

17

being accidentally engaged from the railroad car 12.

[00085]     FIGS. 16-19 illustrate a second embodiment of the invention wherein the extension

tool 10 includes a first bushing 70 and a second bushing 130.  The first bushing 70 defines an

internal bore 72, an exterior surface 74 and extending between a first end 76 and a second end 78.

A second bushing 130 defines an internal bore 132, an exterior surface 134 and extending between

a first end 136 and a second end 138.  The first bushing 70 is secured within the internal bore 52 of

the first pole 50.  As seen in FIG. 20 and 25-28, the internal bore 52 of the first pole 50 may include

a counterbore 80 for receiving the first bushing 70.  The first bushing 70 is retained within the

counterbore 80 by the anti-rotation insert 118.

[00086]     The second bushing 130 is secured over the exterior surface 104 of the second pole

100.  Preferably, the second bushing 130 is affixed to the exterior surface 104 of the second pole

100 by a suitable adhesive or a mechanical fastener or the like.  Furthermore, the first end 106 of

the second pole 100 may included an outwardly flared edge 109 and a resilient bumper 107. The

second pole 100 slidably engages within the internal bore 72 of the first bushing 70 for telescoping

the second pole 100 relative to the first pole 50.  Furthermore, the second bushing 130 slidably

engages within the internal bore 52 of the first pole 50 for telescoping the second pole 100 relative

to the first pole 50.  The first bushing 70 and the second bushing 130 reduce the friction between

the first pole 50 and the second pole 100 during extension and retraction between the first pole 50

and the second pole 100.  The first bushing 70 and the second bushing 130 also prevent jamming

between the first pole 50 and the second pole 100 during extension and retraction between the first

pole 50 and the second pole 100.  Preferably, the first pole 50, the second pole 100 and the collar

180 are formed of a metallic material 82 such as aluminum, steel or other metallic materials.

Furthermore, the first bushing 70 and the second bushing 130 may be formed of a polymeric

18

BIG STIK-000456

material for creating a metallic 82 to polymeric 84 sliding engagement between the first pole 50 and the second pole 100.

[00087]      As seen in FIG. 19 the first end 76 of the first bushing 70 and the second end 138 of the second bushing 130 contact for defining an upper telescoping stop 140.  The upper telescoping stop 140 terminates further extension of the second pole 100 from within the first pole 50.

[00088]      As seen in FIGS. 21-24, the mounting 201 may couple the second end 108 of the second pole 100 with a device 11 such as a gas meter sensor 90 or other devices, a tool 15 such as a hook 92 or other tools, or a support 17 such as a tent pole support 94, a temporary brace 96, a drywall brace 98 or other supports.

[00089]      FIG. 21A is an enlarged view of the second end 108 of the second pole 100 illustrating a mounting 201.  In this example, the mounting 201 includes a threaded bore 209 for receiving a threaded stud (not shown) for mounting a tool device support or the like.

[00090]      FIGS. 22-28 illustrate a fourth embodiment of an extension tool 10 wherein the first pole 50 is displaced relative to a third pole 50A.  The third pole 50A defines an interior bore 52A and a third exterior surface 54A with said third pole 50A extending between a first end 56A and a second end 58A.  The first end 56 of the first pole 50 is positioned within the second end 58A of the third pole 50A for positioning the first pole 50 into the internal bore 52A of the third pole 50A. The first pole 50 includes a plurality of apertures 110A defined in the first pole 50.  A second pin lever 150A is pivotably mounted relative to the exterior surface 54A of the third pole 50A.  A second pin 152A slidably engaging within the second pin lever 150A between a retracted position 154A and a protruded position 156A.

[00091]      FIG. 24A is an enlarged view of a pin fastener 260 of FIG. 24 for terminating displacement of the second pole 100 relative to the first pole 50.  The pin fastener comprising a

19

knob 262 having a threaded pin 264.  The threaded pin 264 threatably engages a threaded aperture 266 defined in the collar 180.  The threaded pin 264 extends through the threaded aperture 266 to be received into one of the plurality of apertures 110 of the second pole 100.

[00092]     The second pin lever 150A is released for positioning the second pin 152A into the protruded position 156A and inserting the second pin 152A into the plurality of apertures 110A of the first pole 50 for terminating displacement of the third pole 50A relative to the first pole 50.  The second pin lever 150A is depressed for positioning the second pin 152A into the retracted position 154A and removing the second pin 152A from the plurality of apertures 110A of the first pole 50 for permitting displacement of the third pole 50A relative to the first pole 50.

[00093]     A third bushing 70A defining an internal bore 72A, an exterior surface 74A and extending between a first end 76A and a second end 78A.  A fourth bushing 130A defining an internal bore 132A, an exterior surface 134A and extending between a first end 136A and a second end 138A.  The third bushing 70A is secured within the internal bore 52A of the third pole 50A.  The fourth bushing 130A is secured over the exterior surface 54 of the first pole 50.  The first pole 50 slidably engaging within the internal bore 72A of the third bushing 70A for telescoping the third pole 50A relative to the first pole 50.  The fourth bushing 130A slidably engaging within the internal bore 132A of the third pole 50A for telescoping the third pole 50A relative to the first pole 50.

[00094]     A second upper telescoping stop 140A comprises the third bushing 70A cooperating with the fourth bushing 130A to limit an outward movement of the first pole 50 relative to the third pole 50A upon engagement of the third bushing 70A with the fourth bushing 130A.  All further structure and function of the third pole 50A is equivalent to that of the first pole 50.

[00095]     FIGS. 29-31 are various views a fifth embodiment of the extension tool 10 wherein

20

●                                    ●

an illuminator 270 is engaging the first pole 50 for illuminating an area 272 in proximity to the second end 108 of the second pole 100.  The illuminator 270 may include a holder 274.  The holder 274 has a first cylindrical body 276 for defining a first illuminator bore 278.  The first illuminator bore 278 slidably engages the first pole 50.  A first body set screw 280 traversing the first cylindrical body 278 and compressing into the first pole 50 to terminate displacement of the illuminator 270 relative to the extension tool 10.  The illuminator 270 further includes a spacer plate 282 for distancing a second cylindrical body 284 from the first pole 50.  The second cylindrical body 284 defines a second illuminator bore 286 for receiving a cylindrical illuminating device 288.  A second body set screw 290 traversing the second cylindrical body 284 and compressing into the cylindrical illuminating device 288 to terminate displacement of the cylindrical illuminating device 288 relative to the holder 274.

[00096]      FIGS. 32-34 illustrate a second illuminator 300 engaging the second pole 100 for illuminating an area 272 in proximity to the second end 108 of the second pole 100.  The second illuminator 300 may include a second holder 302.  The second holder 302 has a first clamp 304 defining a first clamp arm 306 and a second clamp arm 308.  The first clamp arm 306 and the second clamp arm 308 of the first clamp 304 yield upon engaging with the second pole 100 and apply a compressive force upon the second pole 100 when fully engaged.  The compressive force terminates displacement of the second illuminator 300 relative to the extension tool 10.  The second illuminator 300 further includes a spacer plate 282 for distancing a second clamp 310 from the second pole 100.  The second clamp 310 defines a third clamp arm 312 and a fourth clamp arm 314.  The third clamp arm 312 and the fourth clamp arm 314 of the second clamp 310 yield upon engaging with the cylindrical illuminating device 288 and apply a compressive force upon the cylindrical illuminating device 288 when fully engaged.  The compressive force terminates

21

BIG STIK-000459

displacement of the cylindrical illuminating device 288 relative to the second illuminator 300.

[00097]     Although the extension tool 10 has been shown with the specific applications or uses, it should be appreciated to those skilled in the art that the extension tool 10 may be used for countless other applications and uses.  A small but not inclusive list of readily apparent applications and uses include window cleaning, tent poles, gaff hooks, mooring poles, drywall supports, outboard motor, trailer supports, remote positioning of objects, gas sensors, load lock for trucks, garden tools, towers for vessels and illumination stands.

[00098]     The present disclosure includes that contained in the appended claims as well as that of the foregoing description.  Although this invention has been described in its preferred form with a certain degree of particularity, it is understood that the present disclosure of the preferred form has been made only by way of example and that numerous changes in the details of construction and the combination and arrangement of parts may be resorted to without departing from the spirit and scope of the invention.

22

BIG STIK-000460

**WHAT IS CLAIMED IS:**

1.    An extension tool, comprising:

    a first pole defining an interior bore and a first exterior surface with said first pole extending between a first end and a second end;

    a second pole defining a second exterior surface with said second pole extending between a first end and a second end;

    a first bushing defining an internal bore and an exterior surface;

    a second bushing defining an internal bore and an exterior surface;

    said second pole being partially disposed in said first pole with said internal bore of said first bushing slidably engaging with said exterior surface of said second pole and with said exterior surface of said second bushing slidably engaging with said internal bore of said first pole for enabling said second pole to be slidably displaced relative to said first pole;

    a plurality of apertures defined in said second pole;

    a pin mounted to said first pole for movement between a retracted position and a protruded position;

    a spring for biasing said pin into said protruded position for extending into a selected one of said plurality of apertures of said second pole for fixing the position of said second pole relative to said first pole;

    a pin lever for moving said pin into said retracted position for permitting displacement of said first pole relative to said second pole; and

    an upper telescoping stop comprising said first bushing cooperating with said second

BIG STIK-000461

bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing.

2.    An extension tool as set forth in claim 1, including a mounting secured to said second end of said second pole for mounting a device thereon.

3.    An extension tool as set forth in claim 1, including a mounting secured to said second end of said second pole for mounting a tool device thereon.

4.    An extension tool as set forth in claim 1, including a mounting secured to said second end of said second pole for mounting a sensor device thereon.

5.    An extension tool as set forth in claim 1, including a mounting secured to said second end of said second pole for mounting a support device thereon.

6.    An extension tool for extending a device for an operator, comprising:

a first pole defining an interior bore and a first exterior surface with said first pole extending between a first end and a second end;

a handle defined in proximity to said first end of said first pole;

a second pole defining a second exterior surface with said second pole extending between a first end and a second end;

a mounting secured to said second end of said second pole for mounting the device thereon;

24

a first bushing defining an internal bore and an exterior surface and secured within said internal bore of said first pole;

a second bushing defining an internal bore and an exterior surface and secured to said exterior surface of said second pole;

said second pole partially disposed in said first pole with said internal bore of said first bushing slidably engaging with said exterior surface of said second pole and with said exterior surface of said second bushing slidably engaging with said internal bore of said first pole for enabling said second pole to be slidably displaced relative to said first pole;

a plurality of apertures defined in said second pole;

a collar secured to said second end of said first pole having a pin aperture;

a pin slidably engaging within said collar between a retracted position and a protruded position;

a spring for biasing said pin into said protruded position for extending into a selected one of said plurality of apertures of said second pole for fixing the position of said second pole relative to said first pole;

a pin lever mounted to said collar for moving said pin into said retracted position for permitting displacement of said first pole relative to said second pole; and

an upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing.

7.    An extension tool as set forth in claim 6, wherein the device is a tool for rotating a brake

BIG STIK-000463

wheel on a railroad car.

8.    An extension tool as set forth in claim 6, wherein the device is a tool for performing a tool function.

9.    An extension tool as set forth in claim 6, wherein the device is a sensor device.

10.    An extension tool as set forth in claim 6, wherein said handle includes a knurled portion of said first exterior surface.

11.    An extension tool as set forth in claim 6, wherein said first and second poles are formed of a metallic material; and

said first and second bushing are formed of a polymeric material for creating a metallic to polymeric sliding engagement between said first and second poles.

12.    An extension tool as set forth in claim 6, wherein said interior bore of said first pole includes a counterbore for receiving said first bushing.

13.    An extension tool as set forth in claim 6, wherein said interior bore of said first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-section with a chord defining a flatten portion of said substantially circular cross-section; and

26

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second pole relative to said first pole.

14.    An extension tool as set forth in claim 6, wherein said interior bore of said first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-section with a chord defining a flatten portion of said substantially circular cross-section;

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second pole relative to said first pole; and

said anti-rotation insert extending from said collar into said interior bore for defining a collar lock for securing said collar to said first pole.

15.    An extension tool as set forth in claim 6, wherein said interior bore of said first pole has a substantially circular cross-section;

said second pole defining a second exterior surface having a substantially circular cross-section with a chord defining a flatten portion of said substantially circular cross-section;

an anti-rotation insert extending from said collar into said interior bore of said first pole and positioning adjacent to said chord for inhibiting rotation between said second pole relative to said first pole; and

27

said anti-rotation insert extending from said collar into said interior bore for defining a

bushing lock for securing said first bushing to said first pole.

16.    An extension tool for engaging a railroad car, the railroad car including a front side, a rear

side, a left side and a right side, the front side and the rear side including a knuckle coupler

for linking with a second railroad car, the front side and the rear side also including a wheel

brake for engaging a railroad brake, the extension tool, comprising:

a first pole defining an interior bore, a first exterior surface and extending between a first

end and a second end;

a second pole defining a second exterior surface and extending between a first end and a

second end;

said first end of said second pole positioned within said second end of said first pole for

positioning said second pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded

position;

said pin lever released for positioning said pin into said protruded position and inserting

said pin into said plurality of apertures of said second pole for terminating

displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing

said pin from said plurality of apertures of said second pole for permitting

displacement of said first pole relative to said second pole; and

BIG STIK-000466

a claw securing to said second end of said second pole for engaging either the knuckle

coupler or the wheel brake of the railroad car.

17.    An extension tool for engaging a railroad car as set forth in claim 16, wherein said pin

lever includes a spring for biasing said pin into said protruded position.

18.    An extension tool for engaging a railroad car as set forth in claim 16, wherein said first

pole includes a guide pin extending within said internal bore of said first pole;

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole

relative to said first pole during said pin in said retracted position.

19.    An extension tool for engaging a railroad car as set forth in claim 16, wherein said first pole

include a stop pin traversing said internal bore of said first pole for engaging said first end

of said second pole.

20.    An extension tool for engaging a railroad car, the railroad car including a plurality of wheels

for rotatably engaging along a rail system, the plurality of wheels supporting a container, a

brake engaging the plurality of wheels for terminating rotation of the plurality of wheels, a

wheel brake rotatably coupling to the railroad car, a brake linkage coupling the wheel brake

with the brake, the brake compressing or expanding relative to the plurality of wheels upon

rotating the wheel brake, the extension tool comprising:

a first pole defining an internal bore, an exterior surface and extending between a first end

29

and a second end;

a second pole defining a second exterior surface and extending between a first end and a second end;

a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said second pole having a plurality of apertures extending between said second exterior surface to said second internal bore;

a pin lever pivotably mounted relative to said exterior surface of said first pole;

a pin slidably engaging within said pin lever between a retracted position and a protruded position;

said pin lever released for positioning said pin into said protruded position and inserting said pin into said plurality of apertures of said second pole for terminating displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position and removing said pin from said plurality of apertures of said second pole for permitting

30

displacement of said first pole relative to said second pole; and

a claw securing to said second end of said second pole for engaging the wheel brake of the railroad car.

21.   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first end of said first bushing and said second end of said second bushing contacting for defining an upper telescoping stop.

22.   An extension tool for engaging a railroad car as set forth in claim 20, wherein said pin lever includes a spring for biasing said pin into said protruded position.

23.   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first pole includes a guide pin extending within said internal bore of said first pole;

said second exterior surface of said second pole having a guide groove; and

said guide pin engaging said guide groove for preventing rotation of said second pole relative to said first pole during said pin in said retracted position.

24.   An extension tool for engaging a railroad car as set forth in claim 20, wherein said first pole include a stop pin traversing said internal bore of said first pole for engaging said first end of said second pole.

25.   An extension tool, comprising:

31

BIG STIK-000469

a first pole defining an interior bore and a first exterior surface with said first pole extending between a first end and a second end;

a second pole defining a second exterior surface with said second pole extending between a first end and a second end;

a third pole defining an interior bore and a third exterior surface with said third pole extending between a first end and a second end;

said first end of said second pole positioned within said second end of said first pole for positioning said second pole into said internal bore of said first pole;

said first end of said first pole positioned within said second end of said third pole for positioning said first pole into said internal bore of said third pole;

said second pole having a plurality of apertures defined in said second pole;

a first pin fastener removably mounted relative to the said first pole for inserting into said plurality of apertures of said second pole for terminating displacement of said first pole relative to said second pole;

said first pole having a plurality of apertures defined in said first pole;

a second pin lever pivotably mounted relative to said exterior surface of said third pole;

a second pin slidably engaging within said second pin lever between a retracted position and a protruded position;

said second pin lever released for positioning said second pin into said protruded position and inserting said second pin into said plurality of apertures of said first pole for terminating displacement of said third pole relative to said first pole;

said second pin lever depressed for positioning said second pin into said retracted position and removing said second pin from said plurality of apertures of said first pole for

32

BIG STIK-000470

permitting displacement of said third pole relative to said first pole;

26.    An extension tool as set forth in claim 25, further including a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole; and

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole.

33

BIG STIK-000471

27.    An extension tool as set forth in claim 25, further including a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole.

an first upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing;

34

BIG STIK-000472

●                                    ●

a second upper telescoping stop comprising said third bushing cooperating with said fourth bushing to limit an outward movement of said first pole relative to said third pole upon engagement of said third bushing with said fourth bushing.

28.  An extension tool as set forth in claim 25, further including a first bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for

35

BIG STIK-000473

telescoping said third pole relative to said first pole;

said first, second and third poles are formed of a metallic material; and

said first, second, third and fourth bushing are formed of a polymeric material for creating

a metallic to polymeric sliding engagement between the said first and second

poles and the third and first poles.

29. An extension tool as set forth in claim 25, further including a first bushing defining an

internal bore, an exterior surface and extending between a first end and a second end;

a second bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a third bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

a fourth bushing defining an internal bore, an exterior surface and extending between a first

end and a second end;

said first bushing securing within said internal bore of said first pole;

said second bushing securing over said exterior surface of said second pole;

said third bushing securing within said internal bore of said third pole;

said fourth bushing securing over said exterior surface of said first pole;

said second pole slidably engaging within said internal bore of said first bushing for

telescoping said second pole relative to said first pole;

said second bushing slidably engaging within said internal bore of said first pole for

telescoping said second pole relative to said first pole;

said first pole slidably engaging within said internal bore of said third bushing for

36

telescoping said third pole relative to said first pole;

said fourth bushing slidably engaging within said internal bore of said third pole for telescoping said third pole relative to said first pole;

said interior bore of said first pole includes a first counterbore for receiving said first bushing; and

said interior bore of said third pole includes a second counterbore fore receiving said third bushing.

30.   An extension tool as set forth in claim 25, further including a first collar secured to second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a protruded position;

a first spring for biasing said first pin into said protruded position for extending into a selected one of said plurality of apertures of said second pole for fixing the position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into a selected one of said plurality of apertures of said first pole for fixing the position of said first pole relative to said third pole; and

37

BIG STIK-000475

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole.

31.     An extension tool as set forth in claim 25, further including a first collar secured to

second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a

protruded position;

a first spring for biasing said first pin into said protruded position for extending into a

selected one of said plurality of apertures of said second pole for fixing the

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the position

of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole;

said interior bore of said first pole has a substantially circular cross-section;

38

BIG STIK-000476

● ●

said exterior surface of said second pole having a substantially circular cross-section with

a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said

first pole and positioning adjacent to said first chord for inhibiting rotation

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a

second chord defining a flatten portion of said substantially circular cross-section;

and

a second anti-rotation insert extending from said second collar into said interior bore of

said third pole and positioning adjacent to said second chord for inhibiting

rotation between said first pole relative to said third pole.


32.   An extension tool as set forth in claim 25, further including a first collar secured to

second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a

protruded position;

a first spring for biasing said first pin into said protruded position for extending into a

selected one of said plurality of apertures of said second pole for fixing the

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

39

BIG STIK-000477

said second pin slidably engaging within said second collar between a retracted position and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into a selected one of said plurality of apertures of said first pole for fixing the position of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said retracted position for permitting displacement of said third pole relative to said first pole;

said interior bore of said first pole has a substantially circular cross-section;

said exterior surface of said second pole having a substantially circular cross-section with a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said first pole and positioning adjacent to said first chord for inhibiting rotation between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of said third pole and positioning adjacent to said second chord for inhibiting rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said first pole for defining a first collar lock for securing said first collar to said first pole; and

40

BIG STIK-000478

said second anti-rotation insert extending from said second collar into said interior bore

of said third pole for defining a second collar lock for securing said second collar

to said third pole.


33.   An extension tool as set forth in claim 25, further including a first collar secured to

second end of said first pole having a first pin aperture;

said first pin slidably engaging within said first collar between a retracted position and a

protruded position;

a first spring for biasing said first pin into said protruded position for extending into a

selected one of said plurality of apertures of said second pole for fixing the

position of said second pole relative to said first pole;

said first pin lever mounted to said first collar for moving said first pin into said retracted

position for permitting displacement of said first pole relative to said second pole;

a second collar secured to second end of said third pole having a second pin aperture;

said second pin slidably engaging within said second collar between a retracted position

and a protruded position;

a second spring for biasing said second pin into said protruded position for extending into

a selected one of said plurality of apertures of said first pole for fixing the position

of said first pole relative to said third pole;

said second pin lever mounted to said second collar for moving said second pin into said

retracted position for permitting displacement of said third pole relative to said

first pole;

said interior bore of said first pole has a substantially circular cross-section;


41

said exterior surface of said second pole having a substantially circular cross-section with

a first chord defining a flatten portion of said substantially circular cross-section;

a first anti-rotation insert extending from said first collar into said interior bore of said

first pole and positioning adjacent to said first chord for inhibiting rotation

between said second pole relative to said first pole;

said interior bore of said third pole has a substantially circular cross-section;

said exterior surface of said first pole having a substantially circular cross-section with a

second chord defining a flatten portion of said substantially circular cross-section;

a second anti-rotation insert extending from said second collar into said interior bore of

said third pole and positioning adjacent to said second chord for inhibiting

rotation between said first pole relative to said third pole;

said first anti-rotation insert extending from said first collar into said interior bore of said

first pole for defining a first bushing lock for securing said first bushing to said

first pole; and

said second anti-rotation insert extending from said second collar into said interior bore

of said third pole for defining a second bushing lock for securing said third

bushing to said third pole.

34.   An extension tool, comprising:

a first pole defining an interior bore with said first pole extending between a first end and

a second end;

a second pole extending between a first end and a second end;

said first end of said second pole located within said first pole for positioning said second

42

pole into said internal bore of said first pole;

said second pole having a plurality of apertures defined in said second pole;

a pin lever moving a pin between a retracted position and a protruded position;

said pin lever released for positioning said pin into said protruded position for inserting said pin into one of said plurality of apertures of said second pole for inhibiting displacement of said first pole relative to said second pole;

said pin lever depressed for positioning said pin into said retracted position for removing said pin from said plurality of apertures of said second pole for permitting displacement of said first pole relative to said second pole; and

an illuminator affixed to one of said first and second poles for illuminating in proximity to said second pole.

35. An extension tool as set forth in claim 34, including a clamp for securing said illuminator to one of said first and second poles.

36. An extension tool as set forth in claim 34, including a holder for securing said illuminator to one of said first and second poles.

37. An extension tool as set forth in claim 34, including a first bushing defining an internal bore and an exterior surface;

a second bushing defining an internal bore and an exterior surface;

said internal bore of said first bushing slidably engaging with said exterior surface of said

43

BIG STIK-000481

second pole and with said exterior surface of said second bushing slidably engaging with said internal bore of said first pole for enabling said second pole to be slidably displaced relative to said first pole; and

an upper telescoping stop comprising said first bushing cooperating with said second bushing to limit an outward movement of said second pole relative to said first pole upon engagement of said first bushing with said second bushing.

44

BIG STIK-000482