UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG STIK MANUFACTURING, INC.,

    Plaintiff,

v.                                               Case No: 8:17-cv-2486-T-36SPF

PITBULL TOOLS AND SUPPLIES LLC,
RICARDO CUYAR, ORLANDO AYALA
and R & K TOOLS AND SUPPLIES, LLC,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Partial Reconsideration to Correct One Claim Construction (Doc. 67), Defendants' response in opposition (Doc. 69), and Plaintiff's reply (Doc. 74). In the Motion, Plaintiff argues that the Court misapprehended its argument in construing the following claim term: "bridge member extending and coupled to said first pin and said second pin column." The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Partial Reconsideration to Correct One Claim Construction.

    **I.**    **Factual Background**

On October 29, 2009, Plaintiff, Big Stik Manufacturing, Inc. ("Big Stik"), applied for U.S. Patent No. 8,434, 802 ("the '802 Patent"). The '802 Patent is an extension tool that involves two poles, one pole fitting inside the other one. The extension tool is used in the railroad industry to reach a wheel brake from the side of the tracks. The tool allows the user to adjust the brake without having to enter between the train cars.

Big Stik brings this patent infringement action against two of its competitors, Pitbull Tools and Supplies, LLC ("Pitbull") and R&K Tools and Supplies, LLC ("R&K") and their principals, Ricardo Cuyar and Orlando Ayala (collectively, the "Defendants") for their alleged infringement of the '802 Patent.

The parties filed their claim construction briefing and this Court held a Markman hearing on October 17, 2018, in which the parties presented their arguments and gave brief tutorials on the tools. Doc. 65. The Court entered its Order construing the five claims. Doc. 66. The claim term at issue in the Motion is "a bridge member extending and coupled to said first pin column and said second pin column[,]" (the "Claim Term"). *Id*. at 18. The Plaintiff's proposed claim construction was "a structure or member extending and secured between the first pin column and the second pin column." *Id*. at 13. Defendants' proposed claim construction was "a component, separate and distinct from the first pin column and second pin column, that spans across and is connected to the first pin column and the second pin column." *Id*. The Court adopted the Defendants' proposed claim construction. *Id*. at 18.

## II.   Legal Standard

Motions for reconsideration filed within 28 days of the Court's order are governed by Rule 59(e), Fed. R. Civ. P., and are appropriate only where there is newly-discovered evidence, or a need to correct a manifest error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (brackets in original).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc*., 12 F.

Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id*. *See also Microwave Vision, S.A. v. ETS-Lindgren Inc.*, 209 F. Supp. 3d 1322, 1329 (N.D. Ga. 2016) (applying the same three-part test to a request to reconsider a claim construction disguised as a summary judgment motion).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur*, 500 F.3d at 1343-44; *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Some court have noted that the "stringent standards" typically applied to motions for reconsideration should not be used regarding claim construction orders *See Fujitsu Limited v. Tellabs Operations, Inc. et al*, 2012 WL 987272, at *4 (N.D. Ill., March 21, 2012); *Bettcher Industries, Inc. v. Hantover, Inc.*, 3:14-CV-00406, 2018 WL 4002826, at *1 (N.D. Ohio Aug. 22, 2018) (citing *Fujitsu*). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *O'Neal*, 958 F.2d at 1047.

## III. Discussion

Here, although Plaintiff notes that the Court mischaracterized its argument regarding the proper construction of the Claim Term, the Court nonetheless adopted the Defendants' construction. Plaintiff demonstrates no intervening change in controlling law. And the case upon which it rests its argument was not argued in its briefs. It has not demonstrated the availability of new evidence, as it points to the evidence already in the record. And Big Stik does not show that the Court committed clear error or that its claim construction creates manifest injustice. The Court acknowledged that Big Stik advocated for a broader construction of the term "coupled to" and was not limited to the separate construction described in the specification. Doc. 66 at 13. Big Stik merely disagrees with this Court's findings and conclusions regarding the construction.

The Court carefully considered the parties' constructions of the claims at issue. There is no clear error in the Court's claim-construction order. While Big Stik disagrees with the Court's application of the law and interpretation of the claim, the arguments it raises ultimately amount to an attempt to relitigate an issue that the Court has decided; that is not a proper basis for a motion for reconsideration. *See Pediatric Med. Devices, Inc. v. Indiana Mills & Mfg., Inc.*, 961 F. Supp. 2d 1241, 1246 (N.D. Ga. 2013) (denying motion to reconsider claim construction term).

Further, the Court is not restricted to two choices, the plaintiff's construction versus the defendant's construction, the Court has an independent duty to construe the terms according to claim construction principles. *MEMS Tech. Berhad v. Intl. Trade Commn.*, 447 Fed. Appx. 142, 153 (Fed. Cir. 2011) (noting that the trial judge has an independent obligation to determine meaning of patent claims, notwithstanding views asserted by adversary parties). Thus, Big Stik's arguments that rely on the Court's alleged misapprehension of its viewpoint during claim construction process are insufficient to justify reconsideration.

Even if Big Stik provided a proper basis for reconsideration, the Court finds *Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1344 (Fed. Cir. 2001) distinguishable. In *Rexnord,* the Federal Circuit reversed the district court's claim construction finding that two portions of the invention had to be separate from one another. There, the claim recited a "chain link" which included a "link module portion" and a "cantilevered portion." 274 F. 3d at 1344. The parties disputed whether the two portions were "integrally formed" or had to be separate. *Id*. The district court concluded that the two portions had to be separate from one another. *Id*. at 1348.

The Federal Circuit held the following. The district court incorrectly found that the two-piece embodiment was the only embodiment described by the written description and shown in the drawings. *Id*. at 1344. It concluded that the district court improperly excluded embodiments disclosed in the specification in construing the term. *Id*. The two embodiments did not use "any words that connote a quality of being 'separate'—such as 'attachment,' 'mountable,' 'second piece,' or 'securable.' " *Id*. at 1345. It also noted that the "portion" word choice implied a structure that could be separate or integral. *Id*. And the district court erroneously concluded that the patent examiner's objection to the indentation of certain elements in the disputed claim during the prosecution meant that the two claimed portions had to be separate. *Id*. at 1346.

Here, the Patent discloses no embodiments where the pin columns and the bridge are integrally formed. And, the specification uses the term "secured"[1] which *Rexnord* identified as a term connoting separateness. The claimed term in *Rexnord* used the phrase "portion" intimating parts of a larger single piece, unlike here. That case is not persuasive in construing the phrase "coupled to." And Big Stik has not pointed to any misinterpretation of the prosecution history by

---

[1] Doc. 45-1 at col. 7:26-27 ("A bridge member 190 extends and is secured between the first pin column 184 and the second pin column 186.").

5

this Court, as the Federal Circuit found in *Rexnord*, only its misapprehension of the parties' arguments. The Court is not persuaded that the reasoning in *Rexnord* applies here.

On Big Stik's argument that the Court's construction renders meaningless the '802 Patent's other uses of "coupled," the Court disagrees. The Court construed the term "coupled to" to mean that the two things coupled are separate. In other parts of the '802 Patent, the term "coupled by" is used differently. *See, e.g.,* Doc. 45-1 at Fig. 9, col. 7:30-31, ("The pin lever 150 includes a pin plate 162 and a handle plate 164 coupled by an angled portion 166."); col 12:1-3 ("claim 4") ("An extension tool for engaging a railroad car as set forth in claim 1, wherein said pin lever includes a pin plate and a handle plate coupled by an angled portion."). Also, Big Stik already made this argument, Doc. 46 at 18; Doc. 50 at 15, and the Court reviewed these arguments prior to entering the Order, ultimately rejecting it. *See* Doc. 66 at 13.

As such, the Motion is due to be denied.

### IV. Conclusion

Big Stik has not shown that reconsideration is required; it has identified no newly discovered evidence or an intervening development or change in the controlling law, and it does not show that reconsideration is necessary to correct a clear error or manifest injustice. Reconsideration is not warranted. The Motion will be denied.

**Accordingly, it is ORDERED**:

1. Plaintiff's Motion for Partial Reconsideration to Correct One Claim Construction (Doc. 67) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 3, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any